JAMES McDANIEL *et al.*, Appellants, *v.* THOMAS CORRELL *et al.*, Appellees.

APPEAL FROM SANGAMON.

In chancery, parties who are non-residents may be brought within the power of the court by publication, if proper steps have been taken to make service of process.

It is not within the power of the legislature to make a void procedure valid.

The act entitled "An Act to amend chap. 21 of the Revised Statutes of 1845, approved February 12, 1857," could not cure the defect of the proceedings in this case. There was no attempt to serve process on a part of the defendants, and without this, they were not within the jurisdiction of the court.

Infant defendants, though regularly before the court, must be protected by a guardian *ad litem*, or all proceedings against them will be erroneous.

A part of the parties to a suit may appeal, although all the proceedings as to them may be regular, and this where the parties as to whom the proceedings are irregular do not complain.

McDaniel et al. *v.* Correll et al.

This was a bill in chancery, brought by Correll and others against McDaniel and others, to set aside the will of William McDaniel, deceased. There was a trial, and the jury found that the paper produced was not the will of said William McDaniel. There was a motion for a new trial, which was overruled.

The children of Martha McIntyre are devisees under the will.

The bill charges that Newton, Mary F., Joseph, Eliza T., and James, are the children of Martha, and that they are all minors.

The affidavit of James Herrin shows that the said children are non-residents.

No process ever issued for them, but publication was made to bring them before the court. They were also answered for by guardian *ad litem.*

On the hearing of the cause, the adult defendants, who had answered, objected to a decree for the following reasons, among others, to wit:

1st. Because the publication of notice to non-residents does not contain all the names of the parties of the suit.

2nd. Because, in said publication, two persons, who are really complainants, are notified as being defendants.

3rd. Because no process has been issued for the minor defendants—Newton McIntyre, Mary F. McIntyre, Eliza T. McIntyre, Joseph McIntyre, and James McIntyre.

The defendants admitted that there was, and is, no other suit in this court to which publication could apply. The court overruled all objections, and rendered a decree for the complainants, setting aside the will, to which overruling and rendering a decree by the court the adult defendants excepted.

The children of Sally Correll are devisees under the will.

The bill names eight persons as children of Sally Correll, and charges that all but two are minors.

They are made parties, but no process served upon, or issued for, any of them. The oldest adult, with her husband, has answered; but the other adult, and six minors, have not answered in any way. The appellants waived service of process on them.

The appellants assign for errors that the court below ought to have granted a new trial, and that the necessary parties were not properly before the court.

CONKLING, and LINCOLN & HERNDON, for Appellants.

S. T. LOGAN, and STUART & EDWARDS, for Appellees.

CATON, C. J. The want of the summons and return, were, by an express provision of the statute, required to give the

court jurisdiction of the persons of the non-resident defendants. Without this formality, they were not properly before the court, and all its proceedings as to them were void. And the first question to be considered is, whether the finding of the jury, which was void in law as to them, could be rendered valid and binding upon them by the passage of the act of the 12th February, 1857. If it was competent for the legislature to make a void proceeding valid, then it has been done in this case. Upon this question we cannot for a moment doubt or hesitate. They can no more impart a binding efficacy to a void proceeding than they can take one man's property from him and give it to another. Indeed, to do the one is to accomplish the other. By the decree, in this case, the will in question was declared void, and, consequently, if effect be given to the decree, the legacies given to those absent defendants by the will are taken from them, and given to others, according to our statutes of descents. Until the passage of the act in question, they were not bound by the verdict of the jury in this case, and it could not form the basis of a valid decree. Had the decree been rendered before the passage of the act, it would have been as competent to make that valid as it was to validate the antecedent proceedings, upon which alone the decree could rest. The want of jurisdiction over the defendants was as fatal to the one as it could be to the other. If we assume the act to be valid, then the legacies, which before belonged to the legatees, have now ceased to be theirs, and this result has been brought about by this legislative act alone. The effect of the act upon them is precisely the same as if it had declared, in direct terms, that the legacies bequeathed by this will to these defendants should not go to them, but should descend to the heirs at law of the testator, according to our law of descent. This it will not be pretended that they could do directly, and they had no more authority to do it indirectly, by making proceedings binding upon them which were void in law.

As to another portion of these defendants, the proceeding was erroneous, if not void. The infants, who may have been regularly before the court, were not protected by the appointment of a guardian *ad litem*, as the statute required. This was indispensable, according to the express provisions of the statute, as has been often held by this court. This was a fatal irregularity as to them.

Nor is the objection a valid one that these appellants, as to whom all the proceedings may have been regular, cannot take advantage of defects and irregularities as to parties who are not here complaining, and who, if they were consulted, might prefer that the decree should stand. Any one who is a party

to the decree may take advantage of these objections as well as the infants or non-residents themselves. These appellants have a right to see and insist that all the other defendants shall be bound by the decree as well as themselves. Nor does this right rest upon any mere technical ground, but is based upon substantial rights, as a moment's examination of the position of the parties will show. Admit this decree to be binding upon the appellants, and not upon the legatees, and they lose the devises given them by the will, and thus also lose their portion of the bequests given to the legatees, to which they would be entitled by the statute of descents, as heirs of the testator; for the infants, not being bound by the decree, would be entitled to take by the will, or, at least, it would compel these appellants, in order to secure their distributive shares of the amount bequeathed to the infants, either to contest this matter again, on a writ of error, at any time after the infants, as to whom it is only erroneous, shall have attained their majority; and as to the other defendants, who were not before the court at all, they would be obliged to attack the will *de novo,* and run the hazard of finding another jury who would be of opinion that the testator was not of sound and disposing mind when he published the will, which, admitting that they could always be able to produce all the evidence which was exhibited on this trial, must always be a matter of great uncertainty. The appellants have a right to know that all the other parties are bound by this decree, whenever it becomes conclusive upon them.

As the case will have to be submitted to another jury, we deem it improper to express any opinion upon the evidence, as the decree must be reversed on other grounds, which, to the mind of the court, are conclusive.

The decree must be reversed, and the suit remanded.

*Decree reversed.*