CRAINE v. FULTON.

1. APPEAL: WRIT OF ERROR. A judgment rendered by a justice of the peace, on default and without sufficient notice to defendant, should be taken to the District Court by a writ of error, and not by appeal.
2. SAME: ISSUES. Appeal cases must be heard in the District Court upon the same issues tried in the justice's court.

*Appeal from Jefferson District Court.*

TUESDAY, JUNE 12.

*Negus & Culbertson* for the appellant.

*Wilson & Stubbs* for the appellee.

BALDWIN, J.—Suit before a justice of the peace, upon a promissory note, and judgment by default against defendant. The defendant [appealed, and in the District Court filed an answer ; first, denying his indebtedness; second, alleging failure of consideration.

The plaintiff moved to strike the second portion of defendant's answer from the files for the reason that no such issue was presented in the justice's court.   This motion was sustained, and judgment was rendered against defendant, who appeals, and assigns as error the ruling of the court upon plaintiff's motion.

The appellant in his argument, admits that the same issues must be tried upon appeal as were tried before the justice, but claims that the court never had jurisdiction over defendant, and that he was notified to appear and answer to a different cause of action than that plaintiff sought to recover upon his last pleadings.  If the justice erred in entering judgment by default, or in taking jurisdiction over defendant when he had no right to do so, the proper remedy of appellant would have been by writ of error, and not by appeal ; it was a question of law, not of fact.

The appellant, however, could not under our law, set up by a new pleading a question not presented by the pleadings or raised in any manner in the justice's court.   "The defendant was served, made default, and upon appeal claims the right to answer.   He shows no reason, offers no excuse why he did not answer below."   *Ruddick* v. *Vail,* 7 Iowa 45.

The principal point argued by appellant is, ·that the note sued on was so indorsed that the plaintiff was not entitled to

the possession of the same.   This question could more properly have been raised under that portion of defendant's answer that was not stricken from the files, than under that portion which was reached by plaintiff's motion.

· The position as to the variance between the notice and petition is not well taken.

Judgment affirmed.