LEFTWICK AND BARTON, for the Methodist Episcopal Church, &c., v. THORNTON.

1. **Practice:** ERROR OF LAW BY JUSTICE. An error by a justice of the peace in ruling upon a demurrer, should be corrected by writ of error, and not by appeal.

2. **Appeal:** IRREGULARITIES. An appeal from the judgment of a justice operates as a waiver of all errors, irregularities and illegalities, and brings the case up for a trial on the merits.

3. **Default:** BEFORE JUSTICE: ON APPEAL. A defendant in default before a justice, cannot, on appeal, file a demurrer or answer as a matter of right.

4. —— EFFECT OF. A default operates as an admission that the plaintiff is entitled to recover something, leaving but one issue in the case — the *amount* which he is entitled to recover.

5. **Judgment:** ENTRY. In an action brought by trustees, in their own names, for the use of the corporation of which they are officers, the court may render judgment for the corporation.

*Appeal from Polk District Court.*

MONDAY, DECEMBER 19.

THIS action was originally brought before a justice of the peace. By the original notice the defendant was notified "that C. Leftwick and A. J. Barton in behalf of the M. E. Church at Rising Sun, Polk county, Iowa, claimed of him fifty dollars as justly due said *M. E. Church*, on a verbal contract made by him with the trustees of said M. E. Church of which C. Leftwick is president, and A. J. Barton is secretary," &c. This notice was signed thus: "C. Leftwick, president, A. J. Barton, secretary of the board of trustees of M. E. Church, Rising Sun, Polk county, Iowa, P. M. Kerlin, attorney." The account for the same matter filed with the justice, was in the *name* of the *church*. The defendant before the justice moved to quash the original notice for certain technical reasons to which it is not necessary to advert. On this motion being overruled he

demurred on the ground, mainly, that it "did not appear that the plaintiffs have any right to bring the action." This was also overruled by the justice, and the defendant excepted.

On his motion the justice then continued the case; but on the day to which it was continued the defendant, according to the justice's transcript, *failed to appear and make defense*, and judgment was rendered against him by the justice, the plaintiffs having "proved up their claim." The defendant appealed to the District Court; and in that court, but without leave, he filed an answer claiming that he had also answered before the justice. From the proof made, even conceding that this can be noticed, it quite satisfactorily appears that the defendant never filed an answer before the justice. There is nothing in the record showing that the District Court ever allowed the defendant to file an answer in that court. He demurred in the District Court for want of proper party plaintiff, but the demurrer was overruled, for what reason does not appear. The cause was referred to a referee, D. O. FINCH, Esq., who reported that the M. E. Church at Rising Sun was an incorporated body; that the plaintiffs had established their cause of action by testimony, and that the defendant was justly indebted to the M. E. Church in the sum of fifty dollars.

The report was confirmed by the District Court, and the defendant excepted and appeals to this court.

The errors assigned resolve themselves into two:

1. That the plaintiffs have no legal capacity to sue.

2. The report of the referee is not sustained by the evidence.

*R. G. Orwig* for the appellants.

*Polk & Hubbell* for the appellee.

VOL. XVIII.—8

DILLON, J — There can be no doubt that this action ought properly to have been brought in the corporate name of the church; and that the decision of the justice on the defendant's demurrer was erroneous. This judgment of the justice might have been reversed upon *writ of error*. But instead of suing out this writ the defendant *appealed*, which brought up "the cause for trial in the District Court on its merits, and for no other purpose; and all errors, irregularities and illegalities were therefore to be disregarded." Rev., § 3932; *Hall* v. *Monahan*, 1 Iowa, 554; *Gibson* v. *Johnson*, Id., 463; *Griffin* v. *Moss*, 3 Id., 261; *Shawg* v. *Bruce*, Id., 324; *Frink & Co.* v. *Whicher*, 4 G. Greene, 382.

1. PRACTICE: error of law by justice.

2. APPEAL: irregularities.

The defendant was in *default* before the justice for want of an answer; and he could not on appeal, demur or file an answer in the District Court as a matter of right. *Ruddick* v. *Vaile*, 7 Iowa, 44.

3. DEFAULT: for justice, on appeal.

The effect of his default was to admit that the plaintiffs on the record were entitled to recover something, and on appeal, the default continuing, he could only contest the amount of the plaintiffs' recovery, not defeat that recovery altogether. This would, unquestionably, be the case unless the District Court should allow him to file an answer on making a satisfactory showing for not answering before the justice and for not applying to the justice to set aside the default. *Ruddick* v. *Vale*, *supra*.

4. —— effect of.

There is no record entry showing that the District Court allowed the defendant to file an answer, so that the *plaintiff's* rights to recover some amount is admitted upon the record; and the right to recover fifty dollars is established alike by the evidence and by the report of the referee.

The District Court, in rendering final judgment, properly corrected the irregularity as to the name of the party plaintiff by entering up the recovery in favor of the church in its corporate name.

5. JUDGMENT entry: corporation.

The finding of the referee against the defendant, is clearly in accordance with the preponderance of testimony.

Affirmed.

COLE, J., having been of counsel, took no part in the determination of this case.