## VANCE v. KIRFMAN.

1. **Writ of error:** ALLEGATIONS IN AFFIDAVIT. The allegations in an affidavit for a writ of error amount to nothing unless there is a response to the same in the return of the justice.

2. —— MISCONDUCT OF JURY. It may be doubted whether a writ of error is the proper remedy against a judgment rendered upon a verdict attained by the misconduct of a jury in a justice's court. Appeal is a clearer remedy.

*Appeal from Monroe District Court.*

THURSDAY, JANUARY 25.

THE plaintiff sued the defendant before a justice of the peace, upon an account and for trespass, &c.; defenses, set-off and denial. The case was tried by a jury, and verdict returned for plaintiff for one dollar, for which, together with costs taxed at $80.07, a judgment was rendered against the defendant. Within the twenty days allowed by law, the defendant filed his affidavit and application for a writ of error. The alleged error was, that the jury determined their verdict by "drawing cuts," first having agreed to be bound by the result, and that such action was known to the justice of the peace at the time it was done, and when he rendered the judgment on the verdict. The affidavit of error, as made by the plaintiff, was also supported by the affidavits of two of the jurors.

The writ of error was served upon the justice of the peace, and to which he returned the original notice and pleadings, together with a copy or transcript of his docket entries. There was no showing or reference whatever, in the justice's return, of any "drawing cuts," or other improper action. The plaintiff, on motion, obtained a rule upon the justice to amend his transcript. In response to this rule, the justice *certified*, among other things, that he was necessarily in the jury room once or twice during their

deliberations, and at one time heard them say that they were going to draw cuts, but not that the result was to be their verdict; and that he afterwards heard them discussing the amount of plaintiff's damage, and they finally concluded upon one dollar. That no application was made before him to correct any error of the jury or otherwise.

The District Court held, that there was no error, and affirmed the judgment of the justice.

The defendant appeals.

*H. D. Ives* and *Hendershott & Burton* for the appellant.

*Perry & Townsend* for the appellee.

Cole, J.—It was held in *Stone* v. *Murphy*, 2 Iowa, 35, that the averments in an affidavit for a writ of error, amount to nothing, unless there is a response to the same

1. WRIT OF ERROR: allegations in affidavit.

in the return of the justice. This is a reasonable rule, and is analogous to other judicial writs and proceedings. The affidavit lays the foundation for the issuance of the writ, and becomes the allegations of error on the part of the plaintiff therein, but cannot be regarded in any manner as evidence of the errors complained of. *Rhodes* v. *De Bow*, 5 Id., 260. The return and amended return of the justice, fail to show the truth of the alleged error, or any such illegal conduct on the part of the jury, as would justify the setting aside of the verdict. *Barton* v. *Holmes*, 16 Id., 252. The alleged error, then, is not sustained by the evidence in the cause, the justice's returns, and aside from any question as to the

2. —— misconduct of jury.

right to a writ of error in such a state of case, as shown by plaintiff's affidavit (which may well be doubted, certainly an appeal is a clear remedy), the judgment of the District Court must be

Affirmed.