27   177
e132  256

---

. SIMBERSKEY v. SMITH.

General Term: SUPREME COURT: ACT OF 1868. Sections 17 and 18
of chapter 86, Laws of 1868, relate to judgments rendered after that
act went into operation, and as to these, appeals must be taken to
the General Term, and within the three months prescribed. But
judgments rendered before said act went into operation are not
affected thereby, and an appeal therefrom lies directly to the Su-
preme Court, and may be taken within one year from the rendition
of the judgment. WRIGHT, J., dissenting.

VOL. XXVII. — 23

*Appeal from Johnson District Court.*

TUESDAY, APRIL 27.

AT the May Term (May 22), 1868, of the Johnson District Court, judgment was entered against the plaintiff, from which he prosecutes the present appeal, which was taken *directly* to this court. The notices of appeal were not served on the defendant and the clerk until March 8th, 1869.

In this court the defendant moves to dismiss the appeal, because, having been taken *after* the first Monday of January, 1869, it should have been taken in the first instance to the General Term and not to the Supreme Court.

The motion is based upon and involves a construction of sections 17 and 18 of the "Act establishing Circuit and General Term Courts." Laws of 1868, ch. 86, p. 113. These sections are as follows:

SEC. 17. All appeals from judgments or orders of the District Court or Circuit Court, or any judgment thereof, within the said judicial district, shall be heard in the first instance by said General Term, and the provisions of sections 2631, 2632, of the Revision of 1860, shall apply thereto, substituting the words "General Term of the same judicicial district," for the words "Supreme Court."

SEC. 18. Such appeals shall be taken in the same manner, under the same rules, and with the same effect, as appeals are now taken from the District to the Supreme Court, except that no appeal to the General Term shall be allowed after the expiration of three months from the rendition or entry of the judgment or order appealed from.

Similar motions were made by counsel in other causes.

In one, the judgment of the District Court was rendered in September, and the appeal was taken after the act of 1868 went into effect directly to the General Term. It was there dismissed because it was not taken within three months from the rendition of the judgment appealed from.

*Rush Clark, Elijah Odell* and *Reuben Noble* for the Motion.

*Fairall & Boal* and *J. O. Crosby,* contra.

DILLON, Ch. J. — Respecting the effect of the act of 1868 as to appeals from judgments rendered prior to the taking effect of that act, the court concur in holding :

That down to the first Monday of January, 1869, an appeal, if taken, must be taken directly to the Supreme Court.

But suppose the year heretofore given in which to take an appeal had not elapsed, and an appeal is taken after the act of 1868 comes into operation, will it lie at all? and if so, must it be taken in the first instance to this court or to the General Term?

On this question a majority of the court hold that sections 17 and 18 of the act of 1868 relate exclusively to judgments and orders rendered and entered after that act went into operation; and as to these, appeals must be taken to the General Term, and within the three months allowed by section eighteen.

Judgments rendered anterior to the time when the act of 1868 went into force are not affected thereby, and an appeal therefrom lies directly to this court, and such appeal may be taken at any time within one year from the date of the judgment appealed from. In other words, as to such judgments, the provisions of the Revision, respecting ap-

peals, remain unaffected by reason of any thing in sections 17 and 18 of the act of 1868.

The subject has been fully considered, and the court, being of opinion that the above is the *true meaning* of the law, overrule the motions to dismiss the appeals.

Motions overruled.

`WRIGHT, J. — 1. I concur in the proposition that appeals taken *before* the first Monday in January last would come directly to this court, and should be heard and determined here.

2. I hold in the second place, that all appeals taken *since* that time *must* go to the *General Term*, no matter when the judgment was rendered, and that there is nothing in the law authorizing an appeal directly to this court after the first Monday in January from a judgment of the District Court.

3. As to the *time* within which appeals must be taken, my opinion is, that a party could appeal, *before* the taking effect of the act under consideration, *within a year*, but I do not believe that this right to the year continues since the first Monday in January, 1869. After that, the time is limited to *three months*, and if more than that elapsed before the taking effect of the act, the right of appeal is lost. I might possibly concede that a party could appeal (to the General Term) within three months *after* the taking effect of the act, provided this would not extend it beyond one year. But I cannot hold that the year is given in all cases where judgments were rendered before.

And believing that the law is *thus written*, I hold that this appeal should be dismissed.