THE CITY OF DAVENPORT v. THE D. & ST. P. R. Co.

**Appeal:** FROM ORDER DISSOLVING INJUNCTION.  Prior to the taking effect of the Code of 1873 an appeal did not lie from an order of a judge of the supreme court dissolving an injunction.  Nor under section 3165 of the Code of 1873 would an appeal lie from an order made before said section took effect.  The section is not retroactive.

*Appeal from Scott District Court.*

SATURDAY, DECEMBER 13.

ON the 1st day of August, 1873, the plaintiff filed a petition in equity in the district court of Scott county, asking for a writ of injunction to restrain the defendant from constructing its railroad on a certain street in the city.   On the next day the petition was presented to the Hon. J. M. BECK, chief justice of this court, at his chambers, and he granted an order, *ex parte*, for the writ to issue as asked.   It was issued and served. Afterward the defendant, having given notice, moved to dissolve the injunction, and after a hearing on the 15th of August, Chief Justice BECK made an order overruling the motion. This order was filed with the clerk on the 18th of August, and he made an entry thereof in the proper book on the 2d of September following, and on that day the defendant served on the plaintiff and the clerk a notice of an appeal from the order overruling said motion.   On the calling of the cause in this court, the plaintiff moved to dismiss the appeal, because, under the statutes, no appeal from that order is allowed.   Time was given for preparation, and the question was fully argued to the court by counsel on each side.

*John N. Rogers* and *Davison & Lane* for the motion.

*Brown & Campbell* and *Cook, Richman & Bruning* contra.

COLE, J. — It is well settled that prior to the taking effect of the Code of 1873, to wit: September 1, 1873, no appeal from

an order made by a judge of the supreme court, dissolving an injunction, was allowed. *In re Curley*, 34 Iowa, 184, and cases there cited. It is also a well-established rule of the courts to construe all statutes as having only a prospective operation, unless the legislature expressly declare, or otherwise show a clear intent that it shall have a retroactive effect. *Bartruff* v. *Remey*, 15 Iowa, 257 ; *The State* v. *Squires*, 26 id. 340, i. e. 347. The Code of 1873 was enacted in April, but by its express terms it did not take effect till September 1, 1873 ; and the rule is universal that a statute applies only from the time it takes effect, and that the words " heretofore," " hereafter " and " prior to the passage," etc., when used in a statute; relate to the time of taking effect and not to the time of the passage of the law. *Charles & Blow* v. *Lamberson*, 1 Iowa, 435 ; Code of 1873, § 53.

An appeal from an order dissolving or refusing to dissolve an injunction is given by the Code of 1873 in this language : " Sec. 3165. If any of the above orders are made by a judge, the same is reviewable in the same way as if made by a court." There is nothing in this language making the section retrospective in its operation, nor is there any thing in any other provision, in the third part of the Code, showing an intent that the section should be retroactive. Under the rule, therefore, as above stated, we cannot properly hold upon the language of the section quoted, nor upon any other language in that part of the Code where it is found, that it gives the right of appeal from any such order made prior to the taking effect of the statute.

The fact that the formal entry of the order was not made by the clerk in the proper book, until the 2d day of September, and after the law took effect, does not in any way change the rights of the parties ; because the order, when thus formally entered, had relation to and stood as if made at the time the order was made by the judge. Just as an order or judgment of court, though not entered in form by the clerk till days or weeks after it was rendered, will have relation to and take

effect from the time it was actually made, and not from the time of its formal entry.

But it is provided in part first of the Code of 1873 : " Sec. 50. This repeal of existing statutes shall not affect any act done, any right accruing, or which had accrued or been established, nor any proceeding had or commenced in any civil cause before the time when such repeal takes effect ; but the proceedings in such cases shall be conformed to the provisions of this Code as far as consistent."

It cannot be controverted that the matter of an appeal is one of remedy and within the control of the legislature ; and if the legislature had seen proper to make the provisions of section 3165 retroactive, there could be no question as to the rightful power to do so. *Bennett et al.* v. *Fisher et al.*, 26 Iowa, 497, and cases there cited. And it is claimed by appellant's counsel that the effect of section 50, above quoted, is to make the provision respecting appeals retroactive ; or, at least, to give the right to an appeal, since the proceeding, wherein the order appealed from was made, is still pending.

We do not propose to analyze or construe definitely the last above quoted section, since our conclusion (at least so far as the writer hereof is concerned) is grounded upon precedent rather than principle. But it may not be out of place to suggest that, since the above section provides that the repeal of the then existing statutes shall not affect any right which had accrued, therefore the appellee, who had a right to have the order overruling the motion to dissolve the injunction stand as a finality until the cause was regularly tried upon its merits, shall not have that right affected by the repeal of the statute which denied the appeal and thereby made it a finality.

But however this may be, it seems to us that the case of *Simbersky* v. *Smith*, 27 Iowa, 177, is really conclusive upon us in this case. In other words, that there is no substantial difference in the case, in that the language of the new statute was not retroactive, and section 50 above quoted was then in force, as section 34 of the Revision of 1860 ; and it was held that

the right of appeal was controlled by the statutes in force at the time the judgment appealed from was rendered. To the same effect also are the cases of *The People* v. *Cornel*, 6 N. Y. 463, and *Ely et al.* v. *Holton*, 15 id. 595.

It follows, therefore, that the motion must be sustained and the

Appeal dismissed.