## BELDING v. TORRENCE.

**Practice:** WRIT OF ERROR: APPEAL. The proper remedy of a party aggrieved by the dismissal of a cause by a justice of the peace, for want of jurisdiction, is by writ of error. An appeal lies only from a final judgment.

*Appeal from Marshall Circuit Court.*

WEDNESDAY, OCTOBER 7.

· ACTION commenced before a justice of the peace, appealed by plaintiff to the Circuit Court, and there dismissed upon motion of defendant. Plaintiff appeals to this court. The Circuit Court, under Code § 3173, certified that the cause involves a question upon which it is desirable to have the opinion of the Supreme Court. The facts are fully set out in the opinion.

*Parker & Rice,* for appellant.

*Brown & Sears,* and *J. F. Lacey,* for appellee.

BECK, J.—The action was brought before a justice of the peace of Marshall county. Upon the day set for trial defendant made proper application and showing for a change of venue, and the cause was sent to another justice. Upon the transcript and papers being filed with the justice to whom the cause was transferred, the plaintiff amended his petition, and the defendant moved to dismiss the suit on the ground that he was an actual resident of Mahaska county. The motion was supported by the affidavit of defendant and two others, and was sustained, and the cause dismissed. Plaintiff appealed to the Circuit Court. A motion to dismiss on the grounds that the justice of the peace and the Circuit Court had no jurisdiction because defendant was not a resident of the county, and the judgment of the Circuit Court is not final and on the merits, and therefore could not be reviewed by appeal, was made and sustained in the Circuit Court. We are to determine the correctness of the ruling.

The jurisdiction of a justice of the peace is confined to his county, and does not extend to residents of other counties, in actions to recover money, except upon contract for payment in the county. Code, § 3507–3513. The fact of the residence of defendant in Mahaska county was not disputed. The questions before the justice of the peace then were those of law and not of fact; viz:. whether the justice before whom the suit was brought acquired jurisdiction of defendant's person by the notice, or whether his appearance and taking a change of venue conferred such jurisdiction. *Post v. Brownell & Co.*, 36 Iowa, 497.

Decisions of justices upon matters of law are reviewed upon writs of error. Code, § 3597.

It has been held that, if a justice erred in taking jurisdiction over a defendant, the proper remedy of the party aggrieved was by writ of error and not by appeal. *Crane v. Fulton*, 10 Iowa, 458. If an error be committed by refusing to take jurisdiction, it is plain that the same remedy must be pursued.

If errors of law be committed in proceedings which result in final judgments, they may be reviewed on appeal, unless they be regarded as waived. Code, § 3575. *Guffer v. Moss*, 3 Iowa, 262; *Oleson v. Hendrickson*, 12 Iowa, 222; *Wilson v. Shorick*, 31 Iowa, 298; *Leftwick et al. v. Thornton*, 18 Iowa, 56.

Whenever the judgment rendered is to be regarded as final, an appeal lies. Errors committed in rendering such judgment, if they affect the merits of the controversy, may be reviewed in the appellate court. But if the decision is not final, does not affect the right of plaintiff to recover in another action, or is upon questions affecting the jurisdiction of the justice, the capacity of the parties to sue or be sued, and the like, it is reviewed upon writ of error, and not upon appeal.

The Circuit Court properly dismissed the cause.

AFFIRMED.