HERALD PRINTING Co., Appellant, v. F. C. WALSH and MRS. F. C. WALSH.

**Justice of the peace:** WRIT OF ERROR: JURISDICTION: REVIEW. The district court on a writ of error to a justice has merely power to review errors of law appearing in the record; so that where judgment on default was entered upon a service of notice in the township where the judgment was rendered, as disclosed by the return of the writ, jurisdiction will be presumed and the district court has no power to try that question *de novo*. Appeal is the proper remedy.

*Appeal from Dubuque District Court.*— HON. M. C. MATTHEWS, Judge.

TUESDAY, MAY 9, 1905.

ORIGINAL notice to the effect that unless defendants should appear before John Grab, Esq., a justice of the peace in and for Julien township, Dubuque county, on January 9, 1904, at nine o'clock a. m., and make defense, judgment would be rendered against them, was duly served in the township mentioned five days previous to that date. At the hour named a verified account was filed, and, as defendants failed to appear, judgment was entered against them for $16 and

costs in plaintiff's favor. Some days later an affidavit asserting that at the time of and since the beginning of the suit defendants were residents of Linn county, and alleging that for this reason the justice erred in rendering judgment, was filed with the clerk of the district court, and a writ of error issued accordingly. The justice's return showed the facts as stated, and thereon the plaintiff moved that the writ be dismissed on the ground that such return failed to show the error complained of to have been committed. This motion was overruled, and evidence received, over plaintiff's objection, that the defendants were residents of Linn county, as stated in their affidavit. The court found that the justice did not have jurisdiction of the parties, and set aside the judgment. Plaintiff appeals.— *Reversed.*

*McCarthy, Kenline & Roedell,* for appellant.

*Hurd, Lenehan & Kiesel,* for appellees.

LADD, J.— The writ of error is issued from the district court to the justice court for the sole purpose of correcting " an erroneous decision in a matter of law or other irregularity in the proceedings." Section 4569, Code. While the district court may " render final judgment, or it may remand the cause to the justice for new trial or such further proceedings as shall be deemed proper " (section 4576), this must be in pursuance of a review of the rulings made by the justice. The authority is like that conferred on this court in disposing of a case heard on error from the district court. Section 4139. The order to be entered is always that essential to the correction of the errors in the rulings complained of. These are to be asserted in the affidavit, and established by " record and proceedings in so far as they relate to the facts stated in the affidavit " as returned by the justice in response to the writ of error. Sections 4570, 4571, Code. If not sufficiently full and complete, he may be compelled to

amend.   Section 4574, Code.   The action then stands for
hearing on the errors in the rulings of the justice, as appear
from the return made by him, and not on the merits.   As
said by Wright, C. J., in the early case of *Stone v. Murphy,*
2 Iowa, 35:   " To such return we must refer in determining
whether there was such error in his records and proceedings.
The averment in the affidavit amounts to nothing unless there
is a response to the same in the justice's return."   And in
*Lane v. Goldsmith,* 23 Iowa, 241, Cole J., declared:   " It is
the return to the writ that forms the basis upon which the
court must act."   See, also, *Vance v. Kirfman,* 20 Iowa, 13.
A question not raised in the justice court cannot be reviewed
on writ of error.   *Edwards v. Cosgros,* 71 Iowa, 296.   This
is for the manifest reason that in the absence of any decision
there could have been no error.   In the instant case the
return of the original notice indicated that service was had
on defendants in the township in which the judgment was
entered, and, in the absence of anything to the contrary con-
tained in the justice's record, their residence is presumed to
have been such as to have conferred jurisdiction.   *Little v.
Devendorf,* 109 Iowa, 47; *Church v. Crossman,* 49 Iowa,
444.   In other words, the judgment, until assailed, is as-
sumed to be valid.   If defendants were nonresidents of the
county, there was nothing in the record or proceedings before
the justice to establish the fact.

But defendants, with the approval of the district court,
introduced evidence tending to show that they were residents
of Linn county, and the court based its judgment thereon.
In what pleadings was this issue raised?   Not by the affida-
vit filed, for that asserted an error in the decision of the
justice, and he had never heard or passed on this evidence.
Possibly, had the parties appeared before him and introduced
this evidence, a different conclusion would have been reached.
This they did not do, and the district court, in hearing the
same and basing its conclusion thereon, did not pass upon
any ruling or decision of the justice, but awarded a trial *de*

*novo,* which could be done on appeal only.   True, it has been remarked in several cases that the remedy by which to test the jurisdiction of the justice court is the writ of error; but as observed in *Craine v. Fulton,* 10 Iowa, 457, " the appellant cannot, under our law, set up by a new pleading a question not presented by the pleadings or raised in any manner in the justice's court."   In *Brown v. Davis,* 59 Iowa, 641, the justice construed a note to confer jurisdiction in a controversy over an amount in excess of $100, and he was held to have erred.   In *Belding v. Torrence,* 39 Iowa, 516, the cause was dismissed by the justice on motion, and it was this ruling which could be corrected on writ of error only.   To the same effect, see *McMeans v. Cameron,* 51 Iowa, 691.   In *Baily v. Birkhofer,* 123 Iowa, 59, the cause was transferred to the district court by consent.   In *Holmes v. Hull,* 48 Iowa, 177, the justice, in holding that he had jurisdiction to try the issues raised by counterclaim, necessarily held that an attorney appeared therein, and the ruling was disapproved.   In each of these cases the issue was one of law, which the justice had decided.   In no case has this court ever intimated that an issue of fact as to the jurisdiction of a justice of the peace may be first raised on writ of error in the district court, and there tried.   The remedy in such a case is by appeal.   On writ of error, issues of law only may be determined, and these must appear from the record and proceedings as returned by the justice.   In other words, as to points so raised the district court sits solely as a court for the correction of errors.   That plaintiff was not without a remedy appears from *Porter v. Welsh,* 117 Iowa, 146. The court should have declined to hear evidence, and sustained the motion to dismiss.— *Reversed.*