E. G. RICHARDSON v. STEPHEN FITZGERALD, ET AL., Appellant.

Appeal in equitable actions: PRESERVATION OF EVIDENCE: LEGISLATIVE AMENDMENT: EFFECT. The amendment by the 31st General Assembly to Code Section 3652, providing that the certification and filing of the short hand notes shall constitute a preservation of the evidence in equitable actions for the purpose of a trial *de novo* on appeal, does not have a retroactive effect so as to save an appeal in which the right was then lost by failure to perfect the record as required by the original statute.

*Appeal from Hardin District Court.*— HON. W. D. EVANS, Judge.

MONDAY, NOVEMBER 19, 1906.

SUIT for specific performance. Decree was entered as prayed. The defendants appeal.— *Affirmed.*

*F. J. McGreavy,* for appellants.

*J. R. Heinz* and *Albrook & Lundy,* for appellee.

LADD, J.— The cause was heard in equity on oral evidence, and a decree entered March 31, 1905. The short-hand notes, duly certified by the official reporter and trial

judge, had been filed a few days before, but the transcript of the evidence was not filed with the clerk of the district court until November 29, 1905, more than six months subsequent to the entry of the decree. On this ground the appellee has moved that what purports to be the evidence be stricken from the abstract. Section 3652 of the Code provides that: "In equitable actions wherein issues of fact are joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence, or any part thereof, to be taken in the form of depositions, or either party may, at pleasure, take his testimony, or any part thereof, by deposition. All the evidence so taken shall be certified by the judge at any time within six months after the entry of a final decree, and the evidence and certificate be made a part of the record, and go on appeal to the Supreme Court, which shall try the cause anew." That the notes of a stenographer were not "writing," within the meaning of this statute, and the filing of a transcript within the time specified was essential to a trial *de novo,* until long after the entry of the decree, appears from the decisions of this court. *Smith v. Wellslager,* 105 Iowa, 140, and cases cited; *Dwyer v. Rock,* 115 Iowa, 722. But after the right to a hearing on the merits had been lost by the failure to perfect the record by filing a transcript, the Thirty-First General Assembly (chapter 155) amended the section quoted by adding thereto the words: "But this section shall be so construed as to include the evidence taken in shorthand, when the reporter's notes of such evidence have been certified to by the judge and reporter within the time herein provided." This became effective February 14, 1906, and, though directory in form, this is not objectionable in so far as it relates to the future. The law may be changed by a declaratory statute, and, in so far as it relates to cases wherein decrees, had not been entered, it is no objection to its validity that it may assume the law to have been in the past what it is now declared it shall be construed to be in

the future.    *Union Iron Co. v. Pierce,* 4 Biss. (U. S.)
327 (Fed. Cas. No. 14,367); Cooley on Const. Lim. (7th
Ed.) 135.    Fairly interpreted, the amendment amounts to
no more than it would had the Legislature inserted in the
statute " or in shorthand " after the words " in writing."
Certainly the law-makers had no purpose of instructing this
court with reference to the construction of the original
statute.    As every one knows, it is the province of the Legis-
lature to enact, of the judiciary to expound, and of the
executive to enforce, the laws, and any direction by the
Legislature that the judicial function shall be performed
in a particular way is a plain violation of the Constitution.
Says Mr. Cooley, in Constitutional Limitations 114: " As
the Legslature cannot set aside the construction of the law
already applied by the courts to actual cases, neither can
it compel courts for the future to adopt a particular con-
struction of a law which the Legislature permits to remain
in force."    Expository legislation is so uniformly condemned
by the courts that we need cite no more than a few of the
numerous decisions with our approval of the principle.
*Com. v. Warwick,* 172 Pa. 140 (33 Atl. 373); *People v.
Supervisors of the City and County of New York,* 16 N.
Y. 424; *Houston v. Bogle,* 32 N. C. 496; *The Governor v.
Porter,* 5 Humph. (Tenn.) 165; *Reiser v. William Tell
Savings Fund Ass'n,* 39 Pa. 137; *McLeod v. Burroughs,*
9 Ga. 213.    The Legislature may say what the law shall
be, not what it is or has been, and this, it is very clear, was
its intention in enacting the amendment.    This disposes of
appellant's contention with respect to the curative effect of
the amendment.

Treating the enactment, then, as merely an amendment
to the statute, as previously construed by this court, was
the evidence preserved as a part of the record?    Statutes
giving the right to appeal are uniformly held to apply to
such judgments only as are rendered subsequent to their
enactment.    *City of Davenport v. Railway,* 37 Iowa, 624;

*Connor v. Estate of Connor,* 4 Colo. 74; *Wilcox v. Saunders.* 4 Neb. 569; *Cheek v. Berry,* 27 Ark. 314; *Ely v. Holton,* 15 N. Y. 595. In *Pignaz v. Burnett,* 119 Cal. 157 (51 Pac. 48), the court held that an act shortening the time within which appeal may be taken applied to subsequent judgments only. In *Simberskey v. Smith,* 27 Iowa, 177, this court construed that portion of chapter 86, page 113, of the Acts of the Twelfth General Assembly relating to appeals to the general term. The act went into effect the first Monday of January, 1869, and fixed the time within which an appeal must be taken to the general term at three months, while a year was allowed for an appeal to the Supreme Court. A majority of the court held that all judgments rendered prior thereto must be appealed to the Supreme Court, and those rendered subsequently to the general term. From this view Wright, J., dissented, expressing the opinion that, regardless of when the judgment was rendered, appeals taken before the law went into effect should be to the Supreme Court, and those taken thereafter to the general term. These decisions indicate the tendency against giving to such legislation a retroactive effect. While caution is exercised that no rights be lost, equally insistent are the courts that none that have been lost shall be restored. In the case at bar the time had elapsed within which the evidence might have been made a part of the record on appeal before the amendment was enacted. It does not purport to be retroactive, nor to restore the right to perfect a record after such right has been lost. It has no application to decrees rendered more thin six months prior to the time it took effect. But, as the amendment is remedial in character, merely changing the procedure, it may be held applicable in perfecting a record in all cases where the time within which this might have been done had not elapsed before the law became operative; in other words, it is applicable wherever the record might have been perfected un-

der the statute before being amended, but not in cases where the time within which this could be done had passed.

The motion to strike the evidence is sustained, and, as a necessary result, the decree is *affirmed.*