T. E. FORD, Appellant, v. C. J. LENANDER ET AL.

**Appeal:** ABSTRACT: AMENDMENT. An amendment correcting an abstract so as to show a premature appeal will not be stricken out because of delay in filing the same; as the question of jurisdiction may be raised at any time.

**Same:** STATUTE. Chapter 205, Acts 33d General Assembly, relating to premature appeals has no application where the right of appeal had expired when the Act became a law.

*Appeal from Kossuth District Court.*—HON. A. D. BAILIE, Judge.

SATURDAY, DECEMBER 18, 1909.

THE opinion states the case.—*Affirmed.*

*Dunshee & Haines* and *Harrington & Dickinson,* for appellant.

*E. A. Morling* and *E. V. Swetting,* for appellee Lenander.

SHERWIN, J.—This action was brought against C. J. Lenander on a promissory note given by one Joseph Sterling to the plaintiff; the plaintiff alleging in his petition that Lenander assumed the payment of said note. There

was a trial which resulted in a judgment for the defendant Lenander. The judgment was recorded on the 7th day of December, 1908. The appeal was taken on the 4th of the same month. The appellee Lenander filed a motion to affirm the judgment because the appeal had been taken before the judgment was recorded. This motion was ordered submitted with the case. The appellant filed a motion to strike the amended abstracts filed by the appellee Lenander, and that motion was also submitted with the case.

The amended abstracts were not filed until more than three months after the filing of the abstract, and no excuse is shown for the delay. The first amendment to the abstract corrects the abstract as to the date of the judgment entry and shows the date of service of the notice of appeal, and, as

1. APPEAL: abstract: amendment.

these corrections show a want of jurisdiction in this court, the entire amended abstract should not be stricken, for the reason that the question of jurisdiction may be raised at any time, and it is conceded by the appellant that the amended abstract is correct in the particulars mentioned. The second amendment will be stricken, however, and four-fifths of the cost of the first will be taxed to the appellee.

The appellant concedes that the motion to affirm would have to be sustained under the decisions of this court, unless his premature appeal is saved by the provisions of chapter 205, Acts 33d General Assembly, 1909, which reads as follows, so

2. SAME: statute.

far as material here: "Notice of appeal shall not be held insufficient because served before the clerk of the trial court has spread the judgment entry upon the court record, if it shall appear that such entry has been made in proper form before the appellant's abstract was filed in the office of the clerk of the Supreme Court." This enactment became effective on the 4th of July, 1909. We need not at

this time determine whether the act may be construed as retroactive in any case, for it is very evident that in no event can it be applied in the case at bar. Here the judgment was recorded on the 7th day of December, 1908. The six months within which an appeal might be taken expired on the 7th of June, 1909, nearly a month before the act became a part of the law. The right of appeal was gone, therefore, when the act became law. There having been no appeal under our decisions, when the time therefor expired, the subsequent enactment of the statute in question could not in any event revive such right. *Rivers v. Cole,* 38 Iowa, 677; *City of Davenport v. Railroad Co.,* 37 Iowa, 624. The motion to affirm must therefore be sustained.—*Affirmed.*