J. A. ORCHARD, Appellee, v. EDWARD KIRK and WILLIAM ALLEN, Appellants.

**Justice of the peace:** APPEAL: JURISDICTION.  Where the amount involved in an action in justice court was less than one hundred dollars, the justice therefore having jurisdiction, the Supreme Court on appeal will not acquire jurisdiction, in the absence of a certificate of the judge of the district court; and if the justice was without jurisdiction because more than one hundred dollars was involved then the appellate court would not acquire jurisdiction of the appeal.

*Appeal from Greene District Court.*—HON. F. M. POWERS, Judge.

MONDAY, JUNE 10, 1912.

ACTION for damages for alleged negligence in leaving certain drainage ditches open and exposed, by reason of which injury resulted to the plaintiff.  There was a general denial and a plea of contributory negligence.  There was a trial to a jury, and a verdict and judgment for the plaintiff, and defendants appeal.—*Appeal dismissed.*

*Wilson & Albert,* for appellants.

*Geo. G. Bowen* and *Brown McCrary,* for appellee.

EVANS, J.—Plaintiff appellee has filed a motion to

dismiss the appeal for want of jurisdiction, and such motion has been submitted with the case. We pass to its first consideration.

The action was begun in justice court by service of original notice wherein the amount claimed was $99.99. On the return day a petition was filed in the prayer of which plaintiff asked "judgment against the defendants in the sum of $99.99, with six percent interest and for the cost of the action." Thereupon, on the same day, judgment was entered by default against the defendants for $99.99 and costs. From this judgment the defendants, appellants herein, appealed to the district court, where the case was regularly tried *de novo* to a jury, resulting in a verdict for the plaintiff. It is the contention of appellee that the case involves less than $100 as shown by the pleadings. No certificate of appeal was granted by the trial court. The appellant contends that the prayer of the petition in the justice court was sufficient to carry the amount prayed above $100, and that, therefore, more than $100 was involved in the case as shown by the pleadings.

The trouble with this position of appellant is that it is just as fatal to him as is the position of the appellee. The jurisdiction of the justice court to render the judgment which it did was necessarily predicated upon the theory that not more than $100 was prayed. If, therefore, there was jurisdiction in the justice court on that theory, there could be no jurisdiction here. *Griggs v. Norman,* 155 Iowa, 132.

On the other hand, if the amount prayed in justice court should be deemed as in excess of $100, then the justice had no jurisdiction. If the justice had no jurisdiction, there could be none in the appellate court. For the purpose of this motion, therefore, it matters little upon which horn the appellant is impaled. Appellee's motion to dismiss the appeal for want of jurisdiction must in any event be sustained, and it is so ordered.—*Appeal dismissed.*