F. O. DAVIS, Appellant, v. JOHN E. ROBINSON, Appellee.

**APPEAL AND ERROR: Perfecting Appeal—Reducing Time in Which to Appeal—Effect.** The time allowed for an appeal cannot be reduced by legislative enactment after judgment. (See Book of Anno., Vol. 1, Art. 1, Const., Sec. 21, Anno. 97 *et seq.*)

**APPEAL AND ERROR: Amount in Controversy—Dismissal.** An appeal in an unsuccessful action to recover less than $100 because successfully met by a counterclaim for more than $100, *pleaded solely as payment,* will be dismissed, in the absence of the required certificate "that the appeal should be allowed."

**JUSTICES OF THE PEACE: Appeal—Allowable Amendment.** On appeal from the judgment of a justice of the peace, an unassailed amendment by defendant, setting up a counterclaim which was stricken in the justice court, is good. (See Book of Anno., Vol. 1, Sec. 10598, Anno. 12 *et seq.*; Sec. 11182, Anno. 238 *et seq.*)

**PLEADING: Motions—Striking Counterclaim—Effect.** An order striking a counterclaim *in toto* necessarily strikes the prayer for recovery on the counterclaim.

**Headnote 1:** 12 C. J. p. 986. **Headnote 2:** 3 C. J. p. 419. **Headnote 3:** 35 C. J. p. 830. **Headnote 4:** 31 Cyc. p. 617.

*Appeal from Marion District Court.*—W. G. VANDER PLOEG, Judge.

OCTOBER 27, 1925.

MOTION to dismiss appeal upon the ground of want of jurisdiction.—*Sustained.*

*Johnston & Shinn,* for appellant.

*Anderson & Brown,* for appellee.

STEVENS, J.—I. This action, which is upon a promissory note, was commenced originally in justice of the peace court. Plaintiff, who is appellant here, filed no pleading in the justice court, but asked judgment upon a note for $50, which, with interest, amounted to $97.50. Appellee appeared and filed a counterclaim based upon an open account, asking judgment thereon for $180.75. Upon motion of the appellant, the counterclaim was dismissed, for the reason that the amount asked was in excess of the jurisdiction of the court. Judgment was entered in favor of the plaintiff, appellant herein, for the amount asked. The defendant, appellee herein, prosecuted an appeal to the district court, where he was permitted to plead the items of his account as payment. The case was tried to a jury, and a verdict returned in favor of appellee. Thereupon, plaintiff appealed to this court.

Appellee has now moved that the appeal be dismissed, upon two grounds: (a) that notice of appeal was not served within four months after the date of the judgment; and (b) that the

1. APPEAL AND ERROR: perfecting appeal: reducing time in which to appeal: effect.

amount in controversy is less than $100, and no certificate of the trial court was obtained, as required by the statute in such cases. Judgment was entered in the court below October 28, 1924. Section 12832, Code of 1924, reduced the time within which appeals may be taken from the district to the Supreme Court, to four months. Notice of appeal was served April 9, 1925, more than four months after the date of the judgment. There is nothing in the section referred to, to indicate that it was intended by the legislature that it be given retroactive effect. The courts of this country with practical unanimity have always held that the time allowed for an appeal cannot be reduced by legislative enactment after judgment. *Pignaz v. Burnett,* 119 Cal. 157 (51 Pac. 48); *George v. George,* 250 Ill. 251 (95 N. E. 167); *Laidlaw v. Sage,* 158 N. Y. 73 (44 L. R. A. 216); *Sammis v. Bennett,* 32 Fla. 458; *Rankin v. Schofield,* 71 Ark. 168 (66 S. W. 197); *Melde v. Reynolds,* 120 Cal. 234 (52 Pac. 491); *Rolater v. Strain,* 31 Okla. 58 (119 Pac. 992); *Jackman v. Atchison, T. & S. F. R. Co.,* 22 N. M. 422 (163 Pac. 1084); *Kepler v. Rinehart,* 162 Ind. 504 (70 N. E. 806).

While, perhaps, the precise question has not been decided

by this court, the effect of our holding is in harmony with the cases cited from other jurisdictions. *Simberskey v. Smith,* 27 Iowa 177; *Simondson v. Simondson,* 50 Iowa 110; *Rivers v. Cole,* 38 Iowa 677; *City of Davenport v. D. & St. P. R. Co.,* 37 Iowa 624; *Richardson v. Fitzgerald,* 132 Iowa 253.

The notice of appeal having been served within six months after the date of the judgment, that being the time previously allowed for taking an appeal from the district to the Supreme Court, this ground of the motion is overruled.

II. The ruling of the justice on the motion to dismiss the counterclaim could be challenged only by writ of error. *Herald Printing Co. v. Walsh,* 127 Iowa 501; *Belding v. Torrence,* 39 Iowa 516; *Leftwick & Barton v. Thornton,* 18 Iowa 56; *Craine v. Fulton,* 10 Iowa 457. The district court may, however, in the exercise of its discretion, permit amendments to pleadings in cases pending therein on appeal from justice court. As already stated, appellee was permitted to file an amendment setting up as payment the account which formed the basis of the counterclaim filed in the district court. This plea does not appear to have been assailed in any way by appellant. A copy of certain of the court's instructions is attached to the motion to dismiss the appeal. From these instructions it appears that the court instructed the jury that no recovery could be allowed in favor of appellee, and that the evidence introduced in support of the plea of payment could be considered only for the purpose of determining the amount, if anything, due on appellant's claim. It is, therefore, apparent that the amount in controversy was less than $100. We have frequently held that the amount in controversy on the plaintiff's claim is the sum for which judgment is asked. In the absence of consent giving the justice jurisdiction up to $300, the claim sued on cannot exceed $100. *Griggs v. Norman,* 155 Iowa 132; *Orchard v. Kirk,* 156 Iowa 374; *Madison v. Spitsnogle,* 58 Iowa 369; *Buckland v. Shephard & Co.,* 77 Iowa 329; *Farnsworth v. Crabb,* 178 Iowa 565; *Kurtz & Bittinger v. Hoffman,* 65 Iowa 260; *Hays v. Chicago, B. & Q. R. Co.,* 64 Iowa 593; *Schultz v. Holbrook,* 86 Iowa 569.

It is suggested by counsel for appellant that the prayer for

*Marginal notes:*

2. APPEAL AND ERROR: amount in controversy: dismissal.

3. JUSTICES OF THE PEACE: appeal: allowable amendment.

judgment on the original counterclaim was not withdrawn, and that, therefore, the amount in controversy in the district court necessarily exceeded $100. But this position is not tenable, for two reasons: In the first place, the counterclaim was stricken on motion of the plaintiff in the justice court, appellant herein, and this ruling could be reviewed by the district court only upon writ of error; and, second, the pleading filed by appellee in the district court set up the account only as a plea of payment, and no judgment was asked. This was the theory on which the case was submitted to the jury. The amount in controversy being, therefore, less than $100, appeal could be taken to this court only upon the certificate of the trial court. None having been obtained, the motion on this ground must be sustained. The appeal is dismissed.—*Motion sustained; appeal dismissed.*

4. PLEADING: motions: striking counterclaim: effect.

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.