SPENCER G. FRINK et al., Appellees, v. E. W. CLARK et al., Appellees, C. R. PARKS et al., Appellants.

No. 44404.

MAY 2, 1939.

REHEARING DENIED DECEMBER 13, 1939.

Kindig, Faville & Mathews, and Cook & Balluf, for appellants.

Havner, Flick & Powers, J. C. France, Henning & Baker, and H. J. Bryant, for appellees.

MILLER, J.—The facts in this case are not in dispute, and accordingly present only questions of law for this court's decision.

Appellants are four of several defendants named in a civil action commenced at Davenport, Iowa, wherein recovery is sought for alleged fraud claimed to have been committed in the consolidation of two fraternal benefit societies, The Modern Brotherhood of America, an Iowa corporation, and the Independent Order of Forresters, a Canadian corporation. The petition was filed July 27, 1933. In November, 1936, while the appellants were in attendance at Fort Dodge, Iowa, as defendants in a criminal case pending in the United States District Court for the Northern District of Iowa, original notices were served upon them by the sheriff of Webster county.

The original notices were returnable on January 5, 1937. On that day each appellant filed a special appearance and motion to quash service on the grounds that the notice was served on each while in attendance in the federal court and that, since each appellant was a nonresident of the state of Iowa, each was immune from service while in such attendance. For some reason not shown by the record, a ruling on the special appearance and motion to quash service filed by each appellant was not made until December 31, 1937.

In the meantime, the Forty-seventh General Assembly enacted a statute known as chapter 234, which undertook to permit service of process upon a nonresident who is attending a trial as a defendant in a criminal action in the state of Iowa, and to provide that the rule should apply to cases then pending.[1] This statute went into effect by publication June 3, 1937.

On October 28, 1937, the appellees filed answers and resistance to the special appearance of appellants and asserted that, under the provisions of said chapter 234 of the Acts of the Forty-seventh General Assembly, the service was proper.

On November 5, 1937, appellants filed amendments to their special appearances wherein they asserted that said chapter 234 of the Acts of the Forty-seventh General Assembly is unconstitutional for various reasons: That the same purports retroactively to make valid that which was originally invalid, which is beyond the legislative power; that the statute deprives appellants of vested rights which the legislature cannot take away; that the legislature is without power to invalidate a valid defense exclusively cognizable by the courts; that the act violates section 1 of the 14th Amendment to the Constitution of the United States, in that it attempts to abridge the privileges and immunities of citizens of the United States, and violates said amendment and section 9 of Article I of the Constitution of Iowa in that it attempts to deprive appellants of property without due process of law, is also unconstitutional as an attempt to interfere with the jurisdiction and processes of the federal

---

1. Chapter 234 of the Acts of the 47th General Assembly.

"An act to permit the service of process upon a non-resident who is attending a trial to defend in a criminal action pending against him in the state of Iowa, and providing that the rule shall apply to cases now pending.

courts and because it denies equal protection of the laws and is arbitrary class legislation.

On November 12, 1938, the special appearances were further amended by adding thereto the allegation that the original notices failed to comply with the provisions of section 11055 of the Code of Iowa.

The special appearances were supported by affidavit of R. B. Cook, one of the attorneys for appellants. At the hearing, R. B. Cook testified on behalf of appellants, as did F. F. Faville, another attorney for appellants. The testimony of these witnesses brought out that appellants are nonresidents of the state of Iowa, and were served while in attendance at Fort Dodge, Iowa, in connection with the criminal proceedings, there pending in the federal court against them.

The trial court overruled the special appearances and required appellants to plead within 20 days. Appeal was perfected to this court, and the proceedings in the trial court stayed, pending a decision by this court.

The grounds set forth in the special appearance, as amended, are made the basis of various assignments of error by appellants before this court. Various interesting questions of law are discussed by counsel on both sides in the briefs filed with this court. It is our view, however, that the decision on two propositions presented by appellants disposes of the case, and it is unnecessary to decide other questions presented by the briefs.

---

■■■■■

"Be It Enacted By The General Assembly of The State of Iowa:

"Section 1. That any defendant in any criminal action pending or to be brought in any court in the state of Iowa may be served with process, either civil or criminal, in any other action pending or to be brought against him in the courts of this state while he is present in this state, either voluntarily or involuntarily.

"Section 2. The provisions of this act shall apply to cases pending in the courts of this state which are yet undisposed of in which service of process has been made upon any party thereto who is a non-resident of the state while present within the state as a defendant in any criminal action in any court within the state of Iowa, whether such presence was voluntary or involuntary, and the service of all such processes shall have the same validity as if this statute had been enacted prior to the service thereof."

I. While there is a division of authority on the proposition, this court is definitely committed to the rule that, while a nonresident of this state is in good faith attending at the trial of a case pending in this state, as a party thereto, he is privileged from the service of civil process in another action. This rule was recognized by this court in the case of Murray v. Wilcox, 122 Iowa 188, 189, 193, 97 N. W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263. The facts in that case were analogous to those presented by the record herein. The appellant in that case was a resident of the state of Nebraska. Two indictments were returned against him in Story county, Iowa. He was arrested in Nebraska, brought to Story county, gave bail and returned to his home. Thereafter, he returned to Iowa for the sole and only purpose of attending, as a party and as a witness in his own behalf, at the trial of the criminal case. He was acquitted on one indictment, the other indictment was dismissed, and, while appellant was undertaking to leave for his home on the first train, he was served with original notice. Special appearance and motion to quash service were filed and overruled. On appeal, the decision of the trial court was reversed. At the outset of its opinion, this court states as follows:

"The immunity from service of civil process of a witness while attending a trial in a state other than that of his residence to give evidence seems to be universally recognized. The privilege protects him in coming, in staying, and in returning, if he acts in good faith, and without unreasonable delay."

And in conclusion, this court states:

"The circumstances were such as to bring the case clearly within the rule announced. The defendant was bound to be in attendance of court to avoid the forfeiture of his bond. He came also as a witness in his own behalf. His stay was not unreasonable, and he should have been allowed to go hence from the jurisdiction of the court, which had been illegally invoked against him."

Other decisions of this court are to the same effect. The most recent one appears to be that in the case of Moseley v. Ricks, 223 Iowa 1038, 1040, 274 N. W. 23, 24. In that case, the defendant, a resident of the state of Illinois, appeared as a party in interest in a will contest pending in Polk county, Iowa.

While in such attendance, she was served with an original notice. She filed a special appearance asserting her nonresidence and that her presence within the state was wholly due to the necessities of the litigation here pending. The special appearance was overruled. On appeal, the decision was reversed, this court stating:

"From earliest times it has been the policy of the courts to hold nonresident parties and witnesses immune from the writs and processes of local courts while such nonresidents were in attendance upon the courts or other judicial or semi-judicial proceedings pending before the local tribunals; and this policy has been uniformly observed until the present. This principle seems so conducive to the proper administration of justice that we are not disposed to overrule it."

Counsel for appellee have vigorously sought to induce this court to overrule its decision in the case of Murray v. Wilcox, supra. We, however, adhere to the position taken in the quotation last above set out. The rule is well established in this state, appears to be sound and in accordance with the weight of authority in other jurisdictions. We see no occasion to depart from it. We are still of the opinion that it should be adhered to. Accordingly, when appellants' special appearances were filed, they were well taken and should have been sustained.

II. This brings us to the proposition whether the action of the Forty-seventh General Assembly, in enacting chapter 234, has prevented our applying the rule of immunity to the record herein. As above pointed out, the statute is clearly broad enough to include within its terms the controversy presented by this appeal. The record herein coincides with the provisions of the statute in every detail. The statute is made retroactive and is made applicable to cases pending in the courts of this state at the time of its enactment. If the provisions of section 2 of the act are constitutional, they are decisive here. We hold that they are unconstitutional and are not binding upon us.

This court has expressly recognized that, after the commencement of an action, the question of jurisdiction is purely judicial and a legislative act, which attempts to deprive the court of jurisdiction, is unconstitutional. Such was our express holding in the case of McSurely v. McGrew, 140 Iowa 163, 167, 118 N. W. 415, 417, 132 Am. St. Rep. 248, wherein, in declaring

unconstitutional an act of the legislature which attempted to invalidate a pending action on a county treasurer's bond, we state:

"Remembering that this action was commenced before the curative act became effective, it is apparent, we think, that the second section thereof is unconstitutional and beyond the power of the Legislature. After action is brought it is certainly beyond the power of the Legislature to declare that action void and the court in which it is pending without jurisdiction. Such matters are purely judicial, and not legislative, and under our three-department system of government it is inadvisable for one to assume the powers, duties, or responsibilities of the other. When action is once commenced the question of jurisdiction is purely a judicial one, and the Legislature should not attempt to usurp the functions of the judiciary by such an act as is now under consideration. These principles are so fundamental as scarcely to need the citation of authorities in their support."

In the case of Richardson v. Fitzgerald, 132 Iowa 253, 255, 256, 109 N. W. 866, 867, we state:

"As every one knows, it is the province of the Legislature to enact, of the judiciary to expound, and of the executive to enforce, the laws, and any direction by the Legislature that the judicial function shall be performed in a particular way is a plain violation of the Constitution. Says Mr. Cooley, in Constitutional Limitations 114: 'As the Legislature cannot set aside the construction of the law already applied by the courts to actual cases, neither can it compel courts for the future to adopt a particular construction of a law which the Legislature permits to remain in force.' Expository legislation is so uniformly condemned by the courts that we need cite no more than a few of the numerous decisions with our approval of the principle. * * * [Citing cases.] The Legislature may say what the law shall be, not what it is or has been, and this, it is very clear, was its intention in enacting the amendment."

After reviewing a number of decisions, we state:

"These decisions indicate the tendency against giving to such legislation a retroactive effect. While caution is exercised

that no rights be lost, equally insistent are the courts that none that have been lost shall be restored."

In the case of Israel v. Arthur, 7 Colo. 5, 1 P. 438, 441, the court states:

"The legislature may, by statute, validate judicial proceedings where the statute is only in aid thereof and tends to support the same by precluding parties from taking advantage of errors or irregularities which do not affect their substantial rights. But it cannot by retrospective legislation give validity to previous judicial proceedings which were void for want of jurisdiction over the parties."

In the case of McDaniel v. Correll, 19 Ill. 226, 68 Am. Dec. 587, 589, the court states:

"If it was competent for the legislature to make a void proceeding valid, then it has been done in this case. Upon this question we cannot for a moment doubt or hesitate. They can no more impart a binding efficacy to a void proceeding than they can take one man's property from him and give it to another. Indeed, to do the one is to accomplish the other."

In the case of Roche v. Waters, 72 Md. 264, 19 A. 535, 538, 7 L. R. A. 533, the court states:

"It is true, as stated in Cooley on Constitutional Limitations, that 'a retrospective statute, curing defects in legal proceedings, where they are in their nature irregularities only, and do not extend to matters of jurisdiction, is not void on constitutional grounds, unless expressly forbidden.' Marg. p. 371. But it is also true, as stated in the same work, that 'in judicial proceedings, if there was originally a failure of jurisdiction, no subsequent law can confer it.'"

In the case of People v. Madison, 280 Ill. 96, 117 N. E. 493, 496, the court states:

"The act directs that all pending actions attacking the organization of districts coming under its provisions shall abate. The Legislature is without authority to direct what orders shall be entered by a court in pending actions. It may enact statutes and change the law, but the application of the law to particular cases is a judicial function, and the adjudication as

to what orders shall be entered in such case is the exercise of judicial power, which does not belong to the Legislature.''

Applying the principles of law above reviewed to the provisions of section 2 of chapter 234 of the Acts of the Forty-seventh General Assembly, it is readily apparent that said section is unconstitutional and void. The decision, as to the validity of service of process, properly challenged because of immunity extended to a nonresident litigant while in attendance at the trial of a case in which he was a defendant, is a judicial function. The legislature is without power to control the exercise of such function by the courts. When it undertook to dictate to the courts what the decision should be in cases pending before the statute was enacted, it assumed to exercise power that it does not possess.

The unconstitutionality of section 2 of chapter 234 of the Acts of the Forty-seventh General Assembly was properly raised in the trial court. That court erred in ignoring it. The error is properly presented to this court. The decision of the trial court herein is reversed and the cause is remanded with instructions that appellants' special appearances be sustained and that the purported service of original notices upon appellants be quashed.—Reversed and remanded with instructions.

MITCHELL, C. J., and STIGER, HALE, HAMILTON, OLIVER, and SAGER, JJ., concur.

BLISS, J., takes no part.