## STONE v. MURPHY.

In suits before justices of the peace, the amount claimed is the criterion of jurisdiction, and not the amount that may appear to be due or owing on the instrument declared upon.

The pleadings before a justice of the peace, may be written or oral; and when oral, they must, in substance, be entered by the justice on his docket. But, in no case, is it necessary that the justice should set the same out with the particularity required in a formal petition. He is to give the substance of what the plaintiff claims, and more than this is not required.

In an action on a penal bond, before a justice of the peace, no petition is necessary; nor is it necessary that the docket entry of the justice, should show and specify the breaches of the bond, of which the plaintiff complains.

Where an original notice informed the defendants, that the plaintiff claimed "one hundred dollars, as justly due him on attorney's lien, secured by bond, made by you (defendants), December 30th, 1854, and filed in the district clerk's office of," &c., which statement was substantially entered by the justice on his docket: *Held*, That a statement of the plaintiff's cause of action was sufficiently stated on the docket of the justice.

The averments in the affidavit for a writ of error to remove proceedings from before a justice of the peace, amount to nothing, unless there is a response to the same in the return of the justice.

Where in an action on a penal bond to secure the payment of attorney fees, the plaintiff, at the time of commencing his suit, deposited the bond, together with a bill of items of the services rendered, with the justice, which bond the justice failed to mark filed; and where on the day set for the trial, one of the defendants appeared, and moved to dismiss the cause, because the plaintiff's bill of items did not charge any indebtedness against him, and the plaintiff thereupon withdrew his bill of items, and made affidavit that he

supposed that said bond had been filed, and was in the hands of the justice, until at the timo set for trial, he was informed by the justice, that he had not filed the same; and asked leave to proceed on the oral pleadings, which leave was granted, and thereupon the defendant withdrew, and made no further defence; *Held*, 1. That the failure of the justice to mark the bond filed, could not prejudice the rights of the plaintiff; and that if such previous filing had been overlooked, and it became necessary to indorse the bond as filed, it was not only the right, but the duty, of the justice, to make such indorsement *nunc pro tunc.* 2. That the plaintiff did right in filing his account with the bond, and if the justice, by his ruling, on the defendant's motion, committed an error against the plaintiff, the defendant cannot complain.

### *Appeal from the Pottawatomie District Court.*

IT appears that Stone had a claim against one McNulty, for one hundred dollars, for professional services rendered as an attorney.   To secure this, the said McNulty gave Stone a bond, in the penalty of three hundred dollars, with the defendant and another, as his sureties.   The plaintiff sued upon this bond before a justice of the peace, claiming one hundred dollars.   None of the defendants were served, except the said Murphy.   While the justice's transcript is not very clear, in this respect, yet it sufficiently appears, that Stone filed with the justice a bill of items, setting forth the services for which the said McNulty was liable, and also deposited with the justice the bond aforesaid, but the justice failed to indorse the same as filed.   On the day of trial, the defendant appeared, and moved to dismiss the cause, because the plaintiff's bill of items did not charge any indebtedness against him, which motion was entertained (to use the language of the transcript), and the plaintiff thereupon withdrew his bill of items, and made affidavit that he supposed that the said bond had been filed, and was in the hands of the justice, until at the time set for trial, he was informed by the justice, that he had not filed the same ; and asked leave to proceed on the oral pleadings, which was granted.   Defendant thereupon withdrew, and made no farther defence. A trial being had, the plaintiff obtained judgment for the amount of his claim.   The defendant made affidavit, and

Stone v. Murphy.

removed the proceedings into the District Court by writ of error. To the several allegations contained in the affidavit, the justice made returns as above stated. On the hearing in the District Court, the judgment of the justice was reversed, and the cause remanded. This order is now assigned for error by the appellant.

*W. Penn. Clarke,* for the appellant.

WRIGHT, C. J.—The first error complained of by the defendant, in his affidavit, which was the basis of the proceeding for the writ of error, was, that the suit being on a bond for three hundred dollars, the justice had no jurisdiction. The plaintiff claimed, however, only one hundred dollars. The amount claimed is the criterion of jurisdiction, and not the amount that may appear to be due or owing on the instrument declared upon.

Again : the affidavit alleges, that there was no breach of the conditions of the bond averred by plaintiff, and that none of the conditions had been violated. By the Code, the pleadings before a justice of the peace, may be written or oral, and when oral, they must, in substance, be entered by the justice in his docket. But, in no case, is it necessary, that the justice should set the same out with the particularity required in a formal petition. He is to give the substance of what the plaintiff claims, and more than this is not required. In this case, the notice specifically informed the defendants that plaintiff claimed " one hundred dollars as justly due him on attorney's lien, secured by bond, made by you .(defendants), Dec. 30, 1854, and filed in the district clerk's office of," &c. The justice's transcript shows that this was substantially entered by him on his docket, as the plaintiff's cause of action. We do not think it was necessary that such entry of the justice, should show and specify the breaches of which plaintiff complained. No petition was necessary ; but the notice is required to state the cause of action in general terms, so as to apprise the defendant of the nature of the claim against him. Code, § 2272. This was

done most clearly in this case.    So far as relates to the aver-
ment, that none of the conditions of the bond had been vio-
lated, it is sufficient to say, that no return was made by the
justice to this alleged error; and to such return we must
refer, in determining whether there was such error in his rec-
ords and proceedings.     The averment in the affidavit,
amounts to nothing, unless there is a response to the same
in the justice's return.

In the third place, it was averred, that the bond upon
which suit was founded, was not filed until after the com-
mencement of the trial, and that no claim was filed showing
that plaintiff was entitled to recover on the bond.    It would
seem, that when the plaintiff commenced his action, he de-
posited with the justice the bond, as also a bill of items, spe-
cifying the services referred to in said bond.    The justice,
however, failed to mark said bond as filed.    This failure
could not prejudice the rights of the plaintiff, for if, in truth,
deposited with the justice as the foundation of the cause of
action, and in his office as such, it could make no difference
that he had failed to write upon it the date of such deposit.
And if such previous filing had been overlooked, and it be-
came necessary to indorse it, it was not only the right, but
the duty, of the justice, to make such indorsement, *nunc pro
tunc*, when such omission was brought to his attention.    It
is true, that it appears that plaintiff for some cause, withdrew
his bill of items, and had leave to proceed on his oral plead-
ings.    This was something that he need not have done, but
having done it, we cannot see how the defendant could take
advantage of it.    The bond sufficiently showed defendant's
liability, and that was in legal effect a part of the papers and
proceedings, so far as disclosed in this record.    The proof
made after the defendant's withdrawal, is not stated, and we
must presume that it was sufficient to justify the judgment.

The fourth and last error stated in the affidavit, relates to
the withdrawal of said bill of items, and the leave given to
the plaintiff, by the justice, to proceed upon said bond.    This
has been already sufficiently noticed, in what we have said
as to the third cause.    We may say this, however, in addi-

tion, that by the bond, the defendant was liable to Stone, for whatever might be due him for the legal services thereby secured. While it is not clear, yet we infer from the record, that the bill of items filed was against the principal alone, and not against the principal, and his sureties. The defendant moved to dismiss, because the bill of items did not charge anything against him. It appears that the justice "entertained" the motion, (but whether it was sustained, is not stated, unless that is what the justice meant by saying he entertained it); and thereupon plaintiff relied upon the bond and oral pleadings. The plaintiff did right in filing his account, with the bond, and if the justice, by his ruling on the defendant's motion, committed an error against plaintiff, defendant cannot complain.

. We conclude, therefore, that there was no such error in this proceeding, as to justify the District Court in reversing the judgment of the justice. Cause remanded, with instructions to render judgment in accordance with this opinion.