12 227
131 723

## McKeever v. Horine et al.

1. Effect of an appeal. The filing of an appeal bond with approved securities, in the office of a justice of the peace, within the time prescribed by law, supercedes all action on the judgment appealed from, beyond what is necessary in transmitting the transcript to the appellate court.

2. Same: waiver. An appellant withdrew his appeal, and the appellee acquiesed therein by ordering out an execution, and permitting one term of the appellate court to pass without taking any steps to procure an order of affirmance: Held, that he was thereby estopped from taking a transcript to the appellate court, and having the judgment affirmed on his own motion.

*Appeal from Jasper District Court.*

Thursday, October, 17.

*Clark, Sennet & Hammer,* for the appellees.

I. The appeal from the decision of the justice was perfected, and the parties treated the cause as appealed. The law provides that upon filing the recognizance all further proceedings shall be stayed, and the cause will not be

deemed in the District Court until the record is certified to the clerk. Code of 1851, §§ 33, 2336, 2337.

II. The court could not affirm the judgment against the defendant Norris, and it cannot therefore be affirmed as against his sureties. *Guthrie* v. *Humphery*, 7 Iowa, 24.

III. But it is claimed by the appellant, that the appearance of the appellees in the District Court, by a motion to dismiss, is a waiver of his right to object to the want of jurisdiction.

1. The appearance was a special one, and conferred no jurisdiction over the persons of the defendants. *Adm.* v. *Warren*, 4 Iowa, 158; *Converse*

2. Consent cannot confer jurisdiction. *Kimble* v. *Riggan*, 2 G. Greene, 245.

IV. If the case was not properly in the District Court the court did not err in striking it from the docket; and if it was, the appellant cannot complain, for it was error without prejudice. *Rees* v. *Leach*, 10, Iowa, 439; *Cotes & Patchin* v. *The City of Davenport*, 9 Ib., 227; *Iset & Brewster* v. *Ogilivie & Co.*, 9 Ib., 313.

*Miller* and *Winslow* for the appellant.

I. After an appeal has been once regularly taken from the judgment of a justice of the peace, it cannot be withdrawn; the justice having no further jurisdiction of the matter, further than to certify the original papers together with a transcript of all the entries in his docket to the District court. Code of 1861, § 2336.

II. The voluntary appearance by motion to dismiss the appeal conferred upon the court jurisdiction. *Thompson et al.* v. *More et al.*, 4 Iowa, 13; *Wright* v. *Watkins*, 2 G. Greene, 547; *McCraney* v. *McCraney*, 5 Iowa, 232; *Deshler* v. *Foster*, Morris, 403; *Converse* v. *Warren*, 4 Iowa, 158.

III. The court erred in dismissing the appeal upon his own motion.

LOWE, C. J.—Suit before a magistrate on a note of hand, upon which a judgment was rendered for plaintiff. The magistrate's transcript shows, that on the 5th of June, 1860, within twenty days from the rendition of the judgment, the defendants executed and filed with the justice an appeal bond which was approved. The appeal was not taken upon the day on which the judgment was rendered, and it does not appear that any notice of the appeal was ever served upon the plaintiff. On the 1st day of September following, before any transcript was made out or sent up, defendants notified the magistrate that they withdrew their appeal, and that plaintiff might have satisfaction of his judgment by execution.

On the 6th of October following, an execution issued, and was returned by the constable, *nulla bona*, on the 2d of November, 1860. On the 20th of March, 1861, plaintiff procured a transcript of said judgment to be filed with the clerk of the District Court, and afterwards, on the second day of the term, by his counsel, moved that the judgment below be affirmed, because the docket fee had not been paid, agreeably to the rules of the court, by the appellant. This motion was overruled, and the appeal dismissed at plaintiff's costs. This ruling is claimed to be error, under the state of facts mentioned.

Whenever an appeal bond or recognizance is filed in the office of the justice with approved sureties, and within the time limited for taking appeals, the same is perfected, and the magistrate's action over the cause should be suspended. beyond what is necessary to send up a transcript of the proceedings. If however, before he does this, the appellant withdraws his appeal, and the appellee so far acquiesces in such withdrawal as to sue out an execution against the goods. and chattels of the appellant, and also permits one term of the District Court to pass, without insisting upon his rights

under the appeal, we think he is estopped from having, upon his own motion, a transcript of the judgment sent up at the second term of the District Court after the appeal, and insisting upon said judgment being affirmed. In dismissing the appeal under such circumstances, we think the court did not abuse its discretion.

The question in regard to taxing the costs was not raised and passed upon by the court below, and we cannot for the first time entertain it here.

Judgment below affirmed.