13  185<br>131  723

---

## BROWN v. BEESETT.

1. APPEAL. A cause was tried before a justice on the 8th day of the month, and the original transcript showed that an appeal bond was filed on the 19th day of the same month, while the bond was filed as of the 29th, and an amended transcript shows that the appeal was taken on the 29th. *Held*, that the court did not err in holding that the appeal was not taken in time.

2. CORRECTION OF ERROR BY EVIDENCE ALIUNDE. Under § 3928 of the Revision of 1860, the District Court may hear evidence to explain a mistake in the record of a Justice of the Peace.

*Appeal from Polk District Court.*

FRIDAY, APRIL 18.

ACTION OF REPLEVIN. Judgment before the justice for the plaintiff, and the defendant appealed to the District Court. The other facts necessary to an understanding of the points raised, are presented in the opinion of the court.

*McHenrys* for the appellant, relied upon *Moore* v. *Mauser*, 9 Iowa, 47.

*Brown* v. *Sibley* for the appellee, cited *McBrearty* v. *Dyer*, 6 Iowa, 528; *Smith* v. *Snodgrass*, 4 G. Greene, 282; *Cooper* v. *Woodrow and Coffeen*, 3 Iowa, 189.

BALDWIN, C. J.—The defendant appeals from an order of the district court, dismissing an appeal from a justice's court, upon the motion of plaintiff, for the reason that it was not perfected within twenty days after the judgment.

The cause was tried by the justice, and judgment rendered upon the 8th day of June. The original transcript of the justice shows that an appeal bond was filed on the 19th of the same month, but the original bond is marked as filed upon the 29th day of said month. If the original transcript stood before us unexplained, it should govern, and the appeal was taken in time. Affidavits were introduced in the District Court, by the appellants, tending to show the fact that the appeal was taken before the 29th, and by the appellee, tending to show that it was not taken until after the twenty days had expired.

We are satisfied that the entry on the docket of the justice, that the appeal was taken on the 19th, is incorrect. We can readily so conclude from the affidavits of the McHenrys. They each swear that it was about the last day for taking an appeal when the bond was filed. Whether these affidavits were considered by the court in determining

Brown v. Beesett.

the motion, or whether they could be considered as in explanation of the record, does not appear to have been made a question in the District Court.

Outside of the affidavits, we hold that there is sufficient upon the record to justify the conclusion of the court that the appeal was not taken in time. The bond that was first filed is dated the 29th, and the justice in his amended transcript certifies that it was on the 29th, instead of the 19th, that the appeal was taken. The bond is a part of the records of the case as soon as it is filed, and the indorsement thereon can be considered in determining the time the appeal was taken. No appeal is taken until a bond is filed, and the sureties approved. See § 3932, Rev. of 1860. The justice had a right to amend his transcript, and the amendment, unless stricken from the files, should be regarded as the true record.

Section 3928 of the Rev. of 1860, provides that when an omission or mistake has been made by the justice in his docket entries, and that fact is made unquestionable, the District Court may correct the mistake, or supply the omission, or direct the justice to do so. Under this provision we hold that the District Court could hear testimony to explain a mistake in the record, for in what manner can such a mistake be made to appear unquestionable, unless by some explanatory evidence? If this view is correct, the court did not err even if it did consider these affidavits.

We therefore conclude that the record as amended, independent of the extraneous evidence, shows that the appeal was not taken in time, and with such evidence it is made unquestionable that the original record was erroneous.

Affirmed.