LOUISA HAHN, Appellee, v. LUMPA ESTATE, Appellant.

**Appeal from action of fence viewers:** JURISDICTION. Where the bond on appeal from the action of fence viewers is not filed with the township clerk within twenty days from the date of the order or decision appealed from as required by Code, Section 2369, the district court does not acquire jurisdiction.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

WEDNESDAY, OCTOBER 24, 1906.

THE opinion states the case.— *Reversed.*

*Holbert & Holbert,* for appellant.

*Milton Remley,* for appellee.

WEAVER, J.— This controversy involves the division
fence between land owned by Louisa Hahn and other land
owned by the heirs of John Lumpa, deceased. On the applica-
tion of Mrs. Hahn, the township trustees met and made an
order prescribing the portions of the fence which the re-·
spective parties should be required to maintain. This order
was entered June 3, 1903. On August 1, 1903, the Lumpa
heirs filed with the township clerk an appeal bond· bearing
date June 26, 1903. Thereafter a transcript of the proceed-
ings was certified·by the township clerk and filed with the
clerk of the district court. On the hearing in the district
court, the plaintiff objected to the jurisdiction of said court,
on the ground that the appeal had not been taken in time.
This objection was overruled, and judgment was entered
confirming the division of the fence, but modifying the order
of the trustees as to the taxation of costs. Both parties ap-
peal.

The statute (Code, section 2369) provides that appeals
from orders and decisions of the fence viewers shall be taken
in the manner in which appeals are taken from justices'
courts. Appeals from justices of the peace are effected by fil-
ing a proper bond within twenty days from the date of the or-
der for judgment appealed from. Code, sections 4548, 4552.
*Brown v. Beesett,* 13 Iowa, 185 ; *McKeever v. Horine,* 12
Iowa, 227 ; *Martin v. Crocker,* 62 Iowa, 328. It is too
clear, therefore, to require argument that the bond in this
case, which bears date twenty-three days after the entry of
the order or decision complained of, and not filed for nearly

two months after such date, was entirely too late, and the district court was wholly without jurisdiction to entertain the appeal. The plaintiff's objection to the jurisdiction and her motion to dismiss the appeal should have been sustained.

It follows that the judgment of the district court must be reversed on plaintiff's appeal, and cause remanded for further proceedings in harmony with this opinion. The conclusion we have announced renders unnecessary any consideration of the defendant's appeal, which has reference solely to the taxation of costs, and the same is dismissed. The costs of this court will be taxed to the defendants.— *Reversed.*