E. M. PEET, Appellant, v. LEE FLEMING, Appellee.

**JUSTICES OF THE PEACE:** Appeal—Transcript, Verdict as Part
1  of—Construction.   The verdict of the jury in justice court, in the absence of any docket entries thereon by the justice, may

be resorted to, on appeal, to determine whether the defendant on the trial before the justice had actually filed a counterclaim.

JUSTICES OF THE PEACE:   Appeal—Non-effect of Errors Before
2   Justice.  *On appeal* from a judgment of a justice of the peace, it is quite immaterial (a) whether the parties, on the trial before the justice, acquiesced in oral pleadings when they should have been in writing and verified, or (b) whether the justice erroneously permitted oral pleadings when they should have been in writing and verified.

JUSTICES OF THE PEACE:   Appeal—Errors or Omissions in Docket
3   Entries—Correction.  *On appeal* from a judgment of a justice of the peace, errors or *omissions* in the docket entries of the justice may be corrected or *supplied* by the district court.  Sec. 4557, Code, 1897.

JUSTICES OF THE PEACE:   Appeal—Transcript—Omission in
4   Docket Entries—Affidavits—Competency.  *On appeal* from a judgment of a justice of the peace, affidavits are competent to show an omission in the docket entries of the justice.  So held where the docket entries failed to show the filing of a counterclaim by defendant.

*Appeal from Shenandoah Superior Court.*—GEORGE H. CASTLE, Judge.

TUESDAY, APRIL 3, 1917.

APPEAL from an order of the Superior Court of Shenandoah overruling a motion to strike a counterclaim.—*Affirmed.*

*Earl R. Ferguson, C. R. Barnes* and *Paul Ferguson,* for appellant.

No appearance for appellee.

1. JUSTICES OF THE
PEACE: appeal:
transcript:
verdict as part
of: construc-
tion.

EVANS, J.—This case originated in a justice court. From a judgment for the defendant in the justice court, the plaintiff appealed to the superior court.  In such court, the defendant filed a written answer and counterclaim.  The plaintiff filed a motion to strike the counter-

claim, on the ground that it was a new demand and that its filing at such time was in violation of Section 4563, Code, 1897, which provides:

"No new demand or counterclaim can be made upon the appeal, unless by mutual consent."

The defendant resisted the motion, on the general ground that the counterclaim was not a new demand, but that the defendant had made orally the same counterclaim in the justice court, and that the trial in the justice court had been had upon such counterclaim. The docket of the justice court, as shown by the transcript, omitted all reference to any answer or counterclaim on the part of the defendant. Neither did it show default on the part of the defendant. It did show that the defendant appeared at the trial and defended, and that a jury trial was had which resulted in a verdict for the defendant. Such verdict was in the following terms:

"We, the jury, find that the counterclaim of the defendant balances the claim of the plaintiff, and we therefore place the costs equally upon each."

From the record of the justice court, it also appeared that the plaintiff filed in such court his written verified petition. This fact made it incumbent upon the defendant also to plead in writing and to verify his pleadings, as required by Sections 4499 and 3580, Code, 1897.

In support of his motion, the plaintiff relied upon the transcript of the justice on file in the case. In resistance to the motion, the defendant filed certain affidavits, showing, in substance, that the counterclaim now presented was made in the justice court orally, and that the same was there tried without objection of any kind. The plaintiff objected to a consideration of such affidavits, and urged in argument that they should not be considered in aid of the record in any way. The trial court overruled the plaintiff's motion to strike, and granted the plaintiff certificate of appeal to

this court. No further proceedings appear to have been had, and the appeal is solely from the order overruling plaintiff's motion to strike. It will be readily seen that the question presented is interesting, and not free from difficulty. We should have been glad to have had an argument for the appellee. Counsel for appellant, however, have argued the case exhaustively, and, with commendable candor, have included in their brief references to all provisions of the Code and to our previous decisions pro and con pertaining to the question involved. The argument for appellant has been concentrated largely upon the proposition that the affidavits filed by the defendant in resistance to plaintiff's motion were wholly incompetent to impeach or qualify the record or return of the justice of the peace. Before taking up such question, other questions preliminary thereto and quite decisive thereof must first be considered:

(1) Does the transcript of the justice show that *a* counterclaim was made and litigated in the trial below?

(2) Does such transcript show what such counterclaim was, if any?

(3) Was it competent for the appellate court by any evidence to find that there was an omission in the docket entries of the justice and to supply the same?

(4) Was it competent for the defendant to file and for the court to consider the affidavits in question, in resistance to plaintiff's motion to strike?

Taking up the first question here propounded, it is manifest that the record of the justice did not show that any written or verified counterclaim had been filed. Was there an oral counterclaim? The docket entries of the justice show the appearance of the defendant and his demand for a jury and his presence at the trial. They wholly omit reference to the nature of his defense or counterclaim, if any. The verdict of the jury, which was included in the transcript, discloses that their finding was based upon a

successful counterclaim. In view of the fact that the court is not a court of record, and that proceedings before it are informal, and that the justice is not deemed to be learned in the law, great liberality must be extended in the consid-eration of its records. In obedience to this rule, we think it must be said that the form of the verdict was sufficient to show *prima facie* that a counterclaim was litigated by the parties in the justice court. The statutory requirement that the counterclaim should have been verified, and in writing, could have been waived by the plaintiff, and the oral pleading could have been acquiesced in. If it was not waived and not acquiesced in, but was erroneously per-mitted by the justice over objections, such action of the justice would be a mere error in the trial of the case. Such error could not affect a retrial *de novo* on appeal in the ap-pellate court. If the case were in the appellate court on a mere writ of error, a different question would be pre-sented here. It must be held, therefore, that it does suffi-ciently appear from the transcript of the justice that a counterclaim was made in the justice court.

**2. JUSTICES OF THE PEACE: appeal: noneffect of errors before justice.**

Taking up the second question, it must be said also that the transcript of the jus-tice does not furnish an identification of the counterclaim thus made. This failure of identification is the result of omission of ap-propriate docket entries. Was it competent for the appel-late court to supply such omission by any evidence other than the return or amended return of the justice? Sec-tion 4557, Code, 1897, provides:

**3. JUSTICES OF THE PEACE: appeal: errors or omis-sions in docket entries: correc-tion.**

"Where an omission or mistake has been made by the justice in his docket entries, and that fact is made unques-tionable, the court to which the appeal is taken may cor-rect the mistake or supply the omission, or direct the jus-tice to do so."

Under the foregoing statute, it was clearly competent for the court, by some appropriate method, to supply the omission if the fact of omission "is made unquestionable." In *Brown v. Beesett,* 13 Iowa 185, it was expressly held, under a similar statute, that the appellate court could hear testimony on such question.

4. JUSTICES OF THE PEACE: appeal: transcript: omission in docket entries: affidavits: competency.

In the record before us, it is doubtful whether the appellate court ever got so far as to make a finding supplying the alleged omission in the record of the justice. The only issue passed on by the court was made for and against a motion to strike the counterclaim. The plaintiff filed the motion, and in support thereof relied on the transcript of the justice. In resistance thereto, the defendant filed affidavits which, if true, showed, in the light of the transcript, an omission in the docket entries of the justice. Was it competent for the defendant to file, and for the court to consider, such affidavits in resistance to plaintiff's motion to strike? Section 3833, Code, 1897, provides as follows:

"Testimony to sustain or resist a motion may be in the form of affidavits, or in such other form as the parties may agree on or the court or judge direct. If by affidavit, the person making the same may be required by the court or judge to appear and submit to a cross-examination."

For some purposes at least, therefore, the affidavits in question were permissible by the express provisions of this statute. They were at least effective for the purpose of preventing a summary disposition of the counterclaim by motion. The matters stated therein were undenied. Before ruling, the court asked counsel for the plaintiff, one of whom had personal knowledge of what had occurred in the justice court, whether he would make a professional statement denying the correctness of the affidavits, and he declined to do so. We do not overlook the fact that the

plaintiff has construed the record in the superior court to the effect that the trial court corrected the record of the justice and supplied the omission in the docket entries upon the alleged facts appearing in such affidavits. We have already indicated our view of the real state of the record in that respect. Inasmuch, however, as the appellant has argued the case upon the other theory, we are disposed to strain a point to meet the question thus presented, in the interest of shortening the litigation. We think that the affidavits were clearly admissible under Section 3833, Code, 1897, herein quoted. Upon the whole record, we think also that the showing of the affidavits, in the light of an express refusal by plaintiff to deny the same, was a sufficient and unquestionable showing that there was an omission in the docket entries of the justice as to the identification of the counterclaim made in the justice court, and that the counterclaim filed in writing in the superior court was the same counterclaim as was made orally and litigated in the justice court.

The cases cited and relied upon by the appellant (*Schaefer v. Whitman & Son,* 146 Iowa 64; *Herald Printing Co. v. Walsh,* 127 Iowa 501) do not reach the question. In each of those cases, the appellant from the justice court sued out a writ of error, and the question to be determined in the district court was presented by the writ of error upon the return of the justice. It was held in each case that the return of the justice could not be impeached by affidavits nor by any other testimony, and that the only remedy for a mistake in the return for the purpose of a writ of error is an amended return by the justice.

On a writ of error, the very question to be tried in the district court is whether the justice committed an error upon the trial in his court. Such alleged error must be based upon the record in his court.

On a direct appeal from a justice court, the question

of error occurring at the trial in the justice court becomes immaterial. On such appeal, the rule of conclusiveness of the return of the justice is not necessarily applicable, but is qualified by the provision of Section 4557, Code, 1897, herein quoted. The order of the superior court must, therefore, be—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.