J. E. FILBERT et al., Appellants, v. GEORGE W. DEAN et al., Appellees.

**JUSTICES OF THE PEACE:** Judgment—Transcript—Undecipherable
1 **Entry—Effect.** When the judgment of a justice of the peace shows a judgment drawing 6 per cent interest, a transcript thereof filed in the district court, showing an undecipherable entry as to the rate of interest, will be construed as showing no rate of interest, and thereby, by operation of law, as in harmony with the docket.

**JUSTICES OF THE PEACE:** Pleadings—Failure to Enter Oral Plead-
2 **ing in Docket.** In the absence of written pleadings in justice court, it will be presumed that plaintiff pleaded orally; and the failure of the justice to enter such pleading, in substance, in his docket will not invalidate the judgment.

**JUSTICES OF THE PEACE:** Judgment—Nunc Pro Tunc Entries. A
3 justice of the peace may, at any time before a judgment in his court has been transcripted to the district court, enter in his docket, without notice to the defendant, an admittedly truthful statement of the *nature* and *amount* of the claim on which the judgment is based, such statement having been inadvertently omitted from the docket when the action was instituted.

**JUSTICES OF THE PEACE:** Judgment—Transcript—Nonliteral Copy
4 of Docket. A transcript of the judgment of a justice of the peace need not be in the *precise* language of the justice docket.

**JUSTICES OF THE PEACE:** Jurisdiction—Waiving Excess Amount
5 Due on Note. On a written promissory note which granted a justice jurisdiction to the amount of $300, but on which more than said amount was due, the justice has jurisdiction to render judgment *on a claim for $300 only;* and when the original notice has been lost, it will be presumed that it made claim to $300, and no more.

Headnote 1: 34 C. J. p. 92. Headnote 2: 35 C. J. p. 713. Headnote 3: 35 C. J. p. 717. Headnote 4: 34 C. J. p. 92. Headnote 5: 35 C. J. p. 517 (1926 Anno.)

*Appeal from Taylor District Court.*—H. K. EVANS, Judge.

## OCTOBER 17, 1924.

## REHEARING DENIED JANUARY 24, 1925.

ACTION in equity, to enjoin the collection of a judgment entered before a justice of the peace, of which a transcript was filed in the district court. The trial court entered a decree dismissing the plaintiffs' petition, and they appeal.—*Affirmed.*

*Wisdom & Kirketeg* and *M. R. Brant,* for appellants.

*Flick & Lucas,* for appellees.

FAVILLE, J.—On February 10, 1908, appellee Dean instituted an action before a justice of the peace, in Grant Township, Taylor County, Iowa, to recover of appellant on a certain promissory note. A purported judgment was entered by the justice of the peace on February 20, 1908. A transcript of said judgment was prepared by said justice on December 12, 1912, and filed in the district court on August 13, 1913. Appellant seeks to enjoin any proceedings under said purported judgment, and challenges the legality of the judgment entered before the justice of the peace and the transcript filed in the district court.

I. One of appellant's contentions is that the judgment entered before the justice of the peace was obtained by fraud,

the particular charge being that, after the original notice had been served, appellees orally agreed with appellant that they would dismiss that action and pay the costs, and, notwithstanding such agreement, caused the judgment to be entered.

We have examined the record in regard to this matter, and are satisfied therefrom that the trial court was correct in refusing to sustain appellant's contention in regard to said matter. The burden rested upon appellant to sustain the allegations of fraud. We do not think appellant successfully carried this burden, and we acquiesce in the conclusion of the trial court in respect to said matter. It is unnecessary that we review the evidence in detail. A careful examination of the record leads us to concur in the conclusion of the trial court.

II. Appellant strenuously insists that the transcript filed in the office of the clerk of the district court was not a true and correct copy, or transcript, of the docket entries of the justice of the peace; that the original judgment as entered by the justice was fatally defective; and that the transcript thereof is also defective and void. The original exhibits are before us.

1. JUSTICES OF THE PEACE: judgment: transcript: undecipherable entry: effect.

The recitals in the justice's dockets are as follows:

"Be it remembered that, on the 10th day of February, A. D. 1908, George W. Dean, said plaintiff, filed herein as his claim and cause of action against the defendants J. E. Filbert and Lora Filbert [note dated January 1, 1905, for $240, with interest at 8 per cent per annum]." The brackets are ours.

Then follow the recitals with respect to issuance and return of original notice, nonappearance, and default, and the entry of judgment in favor of the plaintiff and against the defendants in said action, for the sum of $300, with interest at 6 per cent. The portion in brackets, "note dated January 1, 1905, for $240, with interest at 8 per cent per annum," was not inserted in the docket until December 12, 1912. On December 12, 1912, the justice made a transcript of his docket entries. He then discovered that there was no recital in the docket in regard to the nature of the claim, and inserted therein the words above shown in brackets, in his original docket. He did not copy this literally in his transcript, but inserted in the transcript that the plaintiff claimed of the defendant "two hundred and forty dollars with

interest at 8 per cent from January 1, 1905, as evidenced by the promissory note of said J. E. and Lora Filbert.'' The recital in the transcript with regard to the interest which the judgment bore is as follows: ''With 8 per cent interest per annum.''

Appellant contends that the hieroglyphic figure with respect to interest in the transcript must be read as an eight, instead of a six.. It is obvious that it is a combination of the two figures. Which was written first does not appear. It was an effort to either change a six into an eight or an eight into a six.

If the recital in the transcript is so uncertain, vague, and ambiguous as to leave in doubt whether it was intended to show that the judgment bore eight or six per cent, the result of the ambiguity would leave it as though there was no recital in respect to the interest which the judgment should bear, and it would thereupon bear the legal rate of six per cent, under the statute. This would accord with the entry in the justice docket.

Regarding appellant's attack directed at the recitals in the original docket entry, it is contended that the entries in the docket are fatally defective because they do not comply with Paragraph 2 of Section 4484 of the Code of 1897, which provides that the justice shall enter in this docket ''each action and each act done, with the proper date,'' including ''a brief statement of the nature and amount of the plaintiff's demand.'' It is insisted that the original docket entries did not contain any such recital.

2. JUSTICES OF
THE PEACE:
pleadings: failure to enter
oral pleading
in docket.

Section 4499, Code of 1897, with respect to pleadings before a justice of the peace, provides:

''The pleadings must be substantially the same as in the district court. They may be written or oral, but if required to be verified they must be in writing. If oral, they must in substance be written down by the justice in his docket.''

The provision, ''if oral, they must in substance be written down by the justice in his docket,'' is identical with the provisions of Section 2284 of the Code of 1851, and Section 3872 of the Revision of the Code of 1860.

In *Sinnamon v. Melbourn,* 4 G. Greene 309, decided in 1854, we said:

''The Code is directory to the justice to reduce the plead-

ings to writing when they are oral, and it ought not to prejudice the parties if he does not do so."

In *West v. Moody,* 33 Iowa 137, decided in 1871, we said:

"The statute directing oral pleadings to be reduced to writing by the justice is directory, and a party is not to be prejudiced by his failure to do so."

These decisions have not been departed from in the many years that have intervened since they were rendered.

So in this case, the plaintiff filed no written pleadings before the justice of the peace, and therefore it is presumed that he pleaded orally; and the failure of the justice to set out the substance of said oral pleadings does not render the judgment fatally defective.

But appellant insists that, in any event, the judgment before the justice of the peace must contain "a brief statement of the nature and amount of the plaintiff's demand." Section 4484, Code of 1897, provides that the justice's docket shall contain such a statement. The recitals in the justice's docket as originally made did not contain such a statement of the nature and amount of plaintiff's demand. The justice, who was a witness, testified that he discovered this discrepancy in his docket at the time he prepared the transcript for filing in the district court, and that at such time he made the following entry in his official docket in respect to the claim and cause of action:

"Note dated January 1, 1905, for $240.00 with interest at 8% per annum."

At this point we are confronted with the question as to whether or not the justice of the peace had power and jurisdiction to enter in his docket a statement in respect to said matter in accordance with the facts, after the judgment had been entered by default against the defendants in said action, and without notice to said defendants.

3. JUSTICES OF THE PEACE: judgment: *nunc pro tunc* entries.

The statute, Section 4557, Code of 1897, provides that, if there is an appeal of the case from the justice court to the district court, and it appears that an omission or mistake has been made by the justice in his docket entry, "the court to which the appeal is taken may correct the mistake or supply the omission, or direct the justice to do so."

In this case, however, no appeal had been taken. The docket remained in the custody of the justice, and no execution had been issued or transcript made, or anything done in relation thereto whatsoever, until the justice supplied the omission in the docket by stating the nature and amount of plaintiff's claim.

Appellant makes no contention that he was in any way prejudiced by this correction in the docket·of the justice. There is no dispute that the action was predicated on the note of $240, which drew interest from January 1, 1905. The undisputed evidence also shows that the note itself was placed in the custody of the justice before the action was instituted, and that the suit was in fact brought on said note. We have held that the failure of the justice to mark the instrument as filed, under Section 4501, Code of 1897, did not prejudice the rights of the party so filing it with the justice. *Stone v. Murphy*, 2 Iowa 35.

So our inquiry narrows itself to the question as to whether or not the justice of the peace had the power, without notice to the defendants in said action, to make an entry *nunc pro tunc* in his docket in accordance with the facts, to show the nature and amount of plaintiff's claim. It is to be noticed that such entry was made before any adverse rights had intervened in any manner.

In *Stone v. Murphy*, supra, we held that it was not only the right, but the duty, of the justice to make an indorsement of filing on a written instrument where suit was brought thereon *nunc pro tunc*, when such omission was brought to his attention.

In 1 Black on Judgments (2d Ed.), Section 161, it is said:

"All courts, from the highest to the lowest, whose proceedings are preserved in any species of record or memorial, have the power and authority to make such corrections therein as truth and justice require and the rules of law permit. * * * So also a justice of the peace may correct a judgment rendered by his predecessor in office, by a *nunc pro tunc* order, to make it conform to the truth."

In this case the justice of the peace had full control of his docket and of the judgment entered therein, until such time as he filed a transcript with the clerk of the district court. We see no good reason why the justice of the peace did not have the power to correct a clerical omission in his docket in exact accord-

ance with the facts, and before the rights of any third parties had intervened, and when no person could be prejudiced by such correction of his record. Had the case been appealed to the district court, under the statute that court might have corrected the record or directed the justice of the peace to so correct it at that time.

In *Peet v. Fleming,* 179 Iowa 757, we said:

''In view of the fact that the court is not a court of record, and that proceedings before it are informal, and that the justice is not deemed to be learned in the law, great liberality must be extended in the consideration of its records.''

In said case we held that it was clearly competent, in an appeal from the justice court, by some appropriate method to supply an omission in the justice docket, if the fact of omission ''is made unquestionable.''

In the instant case, no appeal was taken from the justice court, but the justice corrected his record and supplied the clerical omission while he still retained jurisdiction of his docket, and before any transcript had been entered. It appeared upon the trial of this case that the correction was in strict accordance with the facts, was without prejudice to any person, and was unquestionably correct. In view of these facts, we hold that, on this record, the justice of the peace had the power and authority to supply the omission in his docket, at the time and under the circumstances in which it was made, and in accordance with the facts, and that the judgment as so corrected and transcripted to the district court was not void because of the error in failing to enter the nature and amount of plaintiff's claim in the original docket entry. The recitals in

4. JUSTICES OF THE PEACE: judgment: transcript: non-literal copy of docket.

the transcript with regard to the nature and amount of the claim, while not identical in language with those of the docket as corrected by the justice, substantially complied therewith, and the transcript was not fatally defective because the recitals were not *in haec verba.*

III. Appellant contends that the judgment of the justice of the peace was void, because of the claim that the justice was without jurisdiction to enter said judgment, on the theory that

5. JUSTICES OF THE PEACE: jurisdiction: waiving excess amount due on note.

the amount claimed by the plaintiff in said action before the justice of the peace was in excess of $300, and therefore beyond the jurisdiction of the justice of the peace.

The note upon which suit was brought provided by its terms that consent was given that a justice of the peace might have jurisdiction thereon to the amount of $300. The note was for the principal sum of $240, dated January 1, 1905, and bore interest at eight per cent from date, payable annually, and provides that, if it is not so paid, the interest is to be added to the principal and is to draw interest at the same rate.

Appellant contends that, said interest being computed strictly according to the terms of said note, there was due thereon, on September 20, 1908, at the time judgment was entered, a small amount in excess of $300; and a computation of the interest on said note discloses that appellant is correct in this contention. Did this render the justice without jurisdiction to enter judgment in said cause for $300, and no more?

The thing that determines the jurisdiction of a justice of the peace, under Section 4477, Code of 1897, is "the amount in controversy:" that is, "the amount of the claim." Where the amount in controversy, as shown by the pleadings in the case, exceeds the limit of the jurisdiction of the justice, he has no jurisdiction to render judgment that is within the limit of his jurisdiction. *Gillett & Jennison v. Richards,* 46 Iowa 652.

There were, however, no written pleadings in this case. The evidence shows that the note was left by the plaintiff in said action with the justice of the peace, and the latter issued the original notice. Said notice appears to be lost, and was not produced upon the trial. On return day, a default was entered, and judgment rendered for $300 only. It is undisputed in the record that the original notice was duly served upon the defendant in said action, the appellant herein. We think a presumption must be indulged at this point, to the effect that the original notice contained recitals to the effect that judgment was sought in the amount of $300; and, it affirmatively appearing that no written pleadings were filed in said cause, it is presumed that the plaintiff in said action made claim for the amount for which judgment was entered, and no more, to wit: the sum

of $300. The note was not the pleading in said cause, but was merely evidence of the plaintiff's claim. It gave the justice of the peace jurisdiction to the amount of $300. The payee in said note, and plaintiff in said action, was not required to claim the full amount due on said note, and had a right to waive the excess above $300 and invoke the jurisdiction of the justice of the peace, under the terms of said written instrument, to the amount of $300. This is what appears to have been done in said action, and the judgment rendered was within the jurisdiction conferred upon the justice by the terms of the written instrument, and no greater amount was claimed by the plaintiff in said action. We therefore reach the conclusion that the justice had jurisdiction to render the judgment that was rendered in said cause.

The matters we have discussed dispose of the questions presented by appellant that are controlling in the case. We reach the conclusion that the trial court did not err in dismissing appellant's petition, and the decree appealed from is— *Affirmed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.